## 28606. JOHNSON v. CALDWELL.

PER CURIAM.

Ace Johnson, Jr., while serving consecutive sentences imposed by the Superior Court of Fulton County on September 22, 1972 following convictions on four counts of violation of the Uniform Narcotic Drug Act, filed a petition for habeas corpus in the Superior Court of Tattnall County. The jury's verdict fixing such sentences did not specify that such sentences should be served consecutively. The trial court, after hearing evidence, remanded the prisoner to custody and it is from this judgment that the present appeal is filed. *Held:*

1. The complaint that the prisoner was not advised of his constitutional right at the time of arrest fails to present any valid ground for a writ of habeas corpus inasmuch as no evidence was adduced on the trial of his case as to any statement, admission or confession having been obtained from the prisoner.

2. Where as in this case there was no direct evidence as to the time of the prisoner's arrest, he not being able to testify even within a few days as to the exact date of such arrest, and the evidence upon the original trial indicating that the arrest came after indictment, rather than before, the failure to give the prisoner a commitment hearing or a preliminary hearing shows no

reversible error. Moreover, a failure to insist upon a commitment hearing until after arraignment waives any requirement for a commitment hearing.

3. Where, as in this case, the prisoner was represented upon his criminal trial by employed counsel of his own choosing and the record shows that such counsel vigorously represented the prisoner on the trial, and where other counsel represented the prisoner on appeal of the conviction to the Court of Appeals (*Johnson v. State,* 128 Ga. App. 69 (195 SE2d 676)), and the prisoner's real complaint with the original attorney is that he failed to secure an acquittal, this does not present a valid ground for the grant of a writ of habeas corpus.

4. Those grounds of the petition for a writ of habeas corpus which complain of the admission of evidence, the refusal of the jury to believe the prisoner's alibi witnesses, etc. do not present grounds for the grant of a writ of habeas corpus.

5. Under the decisions in *Wade v. State,* 231 Ga. 131 (200 SE2d 271) and *Gandy v. State,* 232 Ga. 105, and the procedure followed in *Mitchell v. Smith,* 229 Ga. 781 (194 SE2d 414), direction is given that the habeas corpus court enter an order vacating the consecutive sentences given the prisoner and remanding the case to the Superior Court of Fulton County, the trial court, to have concurrent sentences entered in accordance with the jury verdict.

Under the rationale of *Fowler v. Grimes,* 198 Ga. 84, 92 (31 SE2d 174), it is not necessary that the prisoner be present in court or be represented by counsel for the entry of the concurrent sentences. However, direction is given that the prisoner be served with a copy of the new sentences within 5 days from the date of entry.

*Judgment affirmed with direction. All the Justices concur, except Nichols, P. J., Undercofler and Hall, JJ., who dissent from Division 5 of the opinion.*

SUBMITTED JANUARY 22, 1974 — DECIDED APRIL 16, 1974 —
REHEARING DENIED MAY 7, 1974.

Ace Johnson, Jr., *pro se.*

*Arthur K. Bolton, Attorney General, William F. Bartee, Jr., G. Stephen Parker, Assistant Attorneys General,* for appellee.