## 29267. GRADDY v. HOPPER.

NICHOLS, Presiding Justice.

Bobby Lee Graddy filed a petition for writ of habeas

corpus in which he contested the legality of his confinement in the Georgia State Prison, Reidsville, Ga. Under the decisions of this court in *Wade v. State,* 231 Ga. 131 (200 SE2d 271) and *Gandy v. State,* 232 Ga. 105 (205 SE2d 243), the trial court remanded the case to the Superior Court of Hall County under the procedures set forth in *Johnson v. Caldwell,* 232 Ga. 200 (205 SE2d 857) to have the petitioner's consecutive sentences vacated and appropriate concurrent sentences entered. Otherwise, the prayers for the grant of writ of habeas corpus were denied.

1. Upon the trial of petitioner's original case in Hall County Superior Court, the petitioner requested that court appointed counsel be dismissed and other counsel appointed to represent him. This request was made immediately before the petitioner's trial and was denied by the trial court. It was agreed that appointed counsel would sit with the petitioner and be allowed to make any objections necessary during the trial of the case but petitioner would be permitted, at his own request, to otherwise conduct the trial of his case including the examination and cross examination of witnesses. A review of the transcript of such trial discloses that petitioner was not denied the effective assistance of counsel.

2. Just before the prisoner was sentenced, after the jury verdicts as to punishment had been returned, counsel for the defendant reported to the court that the prisoner wanted to request an appeal. While nothing further was done by the prisoner at any time to effectuate an appeal, yet under the decisions in Douglas v. California, 372 U. S. 353 (83 SC 814, 9 LE2d 811) and *Roberts v. Caldwell,* 230 Ga. 223 (196 SE2d 444), it was the duty of the trial court to appoint appellate counsel. Under these decisions a judgment that the appellant was denied appellate counsel is required.

The judgment of the habeas corpus court is reversed, and the case is remanded with direction to the habeas corpus court to enter an order providing for the appointment of counsel to determine if there is any justifiable ground for an appeal from the original convictions, and if such determination is in the af-

firmative, then an appeal may be filed and prosecuted with benefit of counsel even at this late date. *Roberts v. Caldwell,* supra.

*Judgment affirmed in part; reversed in part with direction. All the Justices concur.*

SUBMITTED SEPTEMBER 27, 1974 — DECIDED
OCTOBER 17, 1974.

Bobby Lee Graddy, *pro se.*
*Arthur K. Bolton, Attorney General,* for appellee.