## 49891. COLLINS v. THE STATE.

Marshall, Judge.

Defendant was charged with and convicted by a jury of motor vehicle theft of a U-Haul truck. The trial court admitted, over objection, testimony that defendant was burglarizing a K-Mart store and loading goods from the store into the U-Haul truck at the time he was arrested. One police officer testified he saw defendant in the vicinity of the service station where the U-Haul truck had been parked, at 3:15 a.m., November 29, 1973. Another police officer testified that at approximately 5:00 a.m. that same morning he received a call of a possible burglary in progress, and upon responding to the call, found defendant loading groceries from the store into the U-Haul truck backed up to the rear of the store.

Defendant contends that evidence of his burglary was inadmissible because it placed his character in issue when he had not done so himself. *Held:*

The evidence of defendant's burglary was admissible as part of the res gestae of the crime of the theft of the truck for which he was being tried. "One of the exceptions to the rule that on prosecution for a particular crime evidence which tends to show that the defendant committed another crime wholly independent from that for which he is on trial is irrelevant and inadmissible, is where the other crime is a part of the res gestae. [Cits.]" *King v. State,* 230 Ga. 581, 582 (198 SE2d 305); *Davis v. State,* 230 Ga. 902 (2) (199 SE2d 779); *Katzensky v. State,* 228 Ga. 6 (1) (183 SE2d 749); *Hill v. State,* 161 Ga. 188 (2) (129 SE 647).

*Judgment affirmed. Deen, P. J., and Stolz, J., concur.*

SUBMITTED NOVEMBER 7, 1974 — DECIDED JANUARY 16, 1975.

*Horton J. Greene,* for appellant.
*Bryant Huff, District Attorney, Gary Davis, Dawson Jackson, Assistant District Attorneys,* for appellee.