## 29451. MOORE v. HOPPER.

HILL, Justice.

Appellant Mardell W. Moore filed a petition for habeas corpus in the Superior Court of Tattnall County contending that he was denied the effective assistance of court-appointed counsel at his trial for armed robbery in Richmond County on August 29, 1972, and that after his conviction and sentence of twenty years imprisonment he was denied his right to appeal.

We have reviewed the transcript of the habeas hearing held on May 21, 1974, and find that the evidence supports the judge's finding that the appellant received effective assistance of counsel upon his criminal trial. See *Pitts v. Glass,* 231 Ga. 638 (203 SE2d 515).

In regard to denial of the appellant's right to appeal,

however, by order entered September 23, 1974, the habeas court found that the appellant was not relying upon his attorney to file an appeal or a motion for new trial from his conviction, and that therefore his contention in regard to the failure to file an appeal was without merit.

Thereafter, in *Holloway v. Hopper,* 233 Ga. 615, this court expressly disapproved earlier holdings to the effect that the "responsibility in determining whether to appeal rests upon counsel" and stated that they should not be followed. On appeal, the state concedes that in light of the decision in *Holloway* and others of this court subsequent to appellant's hearing, the advisability of filing an appeal no longer rests with counsel (*Grady v. Hopper,* 233 Ga. 65 (209 SE2d 636); *Thornton v. Ault,* 233 Ga. 172 (210 SE2d 683); see also, Anders v. California, 386 U. S. 738 (87 SC 1396, 18 LE2d 493)). The state submits that in accordance with those cases the judgment below should be vacated and the case remanded to the habeas court for reconsideration as to whether an out-of-time appeal is required here.

Ordinarily, we would agree. Generally, the trial court is the appropriate forum for the development and resolution of facts. However, in this case the facts have been developed. They are not in material conflict and will not change upon another habeas corpus hearing. It is the law which has changed. We accept that responsibility and see no purpose in requiring the habeas court to conduct another evidentiary hearing.

The transcript of the habeas hearing shows the following: Appellant testified that he was not advised of his right to appeal by his court-appointed attorney; that he did not know he had the right to appeal; and that therefore he did not request his attorney to file an appeal. His attorney testified that he had no communication from appellant in regard to filing an appeal. Although he testified that he formed an opinion against filing an appeal, the responsibility of deciding whether or not to appeal, as seen above, has since been shared with the person convicted.

In our view this evidence, like that in *Thornton,* supra, is sufficient to show that the appellant was not

fully informed of his appellate rights and that his direct appeal was foregone by his court-appointed attorney without his consent. Therefore, that part of the judgment holding that there was no error in the failure to file an appeal from the 1972 armed robbery conviction is reversed and remanded with direction that the convicting court enter an order providing for the appointment of counsel for an appeal to be filed and prosecuted at this time.

*Judgment affirmed in part and reversed in part with direction. All the Justices concur.*

SUBMITTED DECEMBER 9, 1974 — DECIDED MARCH 4, 1975.

Mardell Moore, *pro se.*

*Arthur K. Bolton, Attorney General, G. Stephen Parker, Jr., Assistant Attorney General,* for appellee.