## 29788. KRAMER v. HOPPER.

INGRAM, Justice.

Timothy Wayne Kramer appeals from the order of Tattnall Superior Court remanding him to the custody of the respondent warden in this habeas corpus case.

Petitioner was originally tried in the Superior Court of Fulton County and found guilty of murder, armed robbery and aggravated assault. He received two death sentences and one sentence of 10 years imprisonment for these offenses. On appeal to this court, the death sentences were vacated and the case was remanded to the superior court for life sentences to be entered in lieu of the death sentences. *Kramer v. State,* 230 Ga. 855 (199 SE2d 805) (1973). Subsequently, the trial judge entered two life sentences, in addition to the 10-year sentence, with the sentences to be served consecutively.

Petitioner thereafter sought habeas corpus relief asserting that he was never retried in accordance with the decision of this court, supra. Petitioner further contended that his appointed counsel at trial was ineffective. Furthermore, petitioner urged that the trial judge was prejudiced against him in that he refused to give petitioner a new trial and because he refused to enter the sentences on a concurrent basis; and, finally, because petitioner was not allowed to be present at the resentencing. Petitioner further argued that he was convicted of separate crimes, all arising out of the same transaction and in violation of Code Ann. § 26-506 dealing with multiple prosecutions for the same conduct.

The habeas corpus court found that petitioner's convictions had not been reversed, but were affirmed

except for the death sentences. Since this court did not overturn petitioner's convictions and order a new trial, petitioner's contentions in this regard are without merit.

Petitioner's second contention is that his appointed counsel was incompetent. Petitioner offered no evidence to support his claim of incompetence and the habeas corpus court ruled adversely to petitioner on this contention. The habeas corpus court noted that counsel had been successful in reducing two death sentences to life imprisonment. We agree with the habeas corpus court that petitioner has failed to show how his counsel was ineffective and relief on this ground was correctly denied. *Pitts v. Glass,* 231 Ga. 638 (203 SE2d 515).

With regard to petitioner's claim that the trial judge was prejudiced in failing to grant a new trial, petitioner offered no evidence in support of this claim. A trial judge is vested with discretion under Code § 70-206 in granting new trials. Furthermore, this court's subsequent affirmance of petitioner's conviction supports the trial judge's failure to grant petitioner a new trial.

Petitioner's final claim was that he was denied due process of law in that he was convicted on three separate charges arising from the same conduct and in violation of Code Ann. § 26-506. The evidence shows, and the habeas corpus court found, that petitioner was indicted, tried, convicted and sentenced for the murder of John Lewis Smith, the armed robbery of Jane Yandel, and the aggravated assault of Jane Yandel, to wit, shooting her with a pistol. Although it was conceded that the crimes were all committed at the same general location and on the same day, the habeas corpus court found that the elements of proof for each crime were different and that each offense described was a separate and distinct crime.

We agree with the habeas corpus court. Separate convictions for armed robbery and aggravated assault, although arising from the same conduct, are not prohibited except where one crime is included in the other or where the crimes differ only in that one is defined to prohibit a designated kind of conduct generally and the other to prohibit a specific instance of such conduct. See Code Ann. § 26-506. One crime is included in the other if (a) it is established by proof of the same or less than all the

facts or a less culpable mental state than is required to establish the commission of the crime charged, or (b) it differs from the crime charged only in the respect that a less serious injury or risk of injury to the same person, property or public interest or a lesser kind of culpability suffices to establish its commission. Code Ann. § 26-505.

It is obvious that the offenses involved here, although taking place at the same general time and location, are separate offenses in that each is established by proof of different facts and each offense is distinct as a matter of law, thus obviating any possibility of one's inclusion in the other. It is also clear that the offenses of the murder of one person and the armed robbery and the aggravated assault of a second person are not the type of offenses envisioned in subsection (a) (2) of § 26-506 of the Georgia Code. Therefore, these three separate convictions are not prohibited under Georgia law.

The habeas corpus court found that the trial judge erred in failing to require the two life sentences to be served concurrently. Since the original sentencing jury did not specify consecutive sentences, but instead gave two death penalties, the habeas corpus court followed this court's decisions in *Wade v. State,* 231 Ga. 131 (200 SE2d 271) (1973), and *Gandy v. State,* 232 Ga. 105 (205 SE2d 243) (1974), and ordered the new life sentences to be served concurrently with the 10-year sentence for aggravated assault. We find no error in this determination by the habeas corpus court.

Petitioner's presence in court at the time of the entry of the concurrent sentences was not necessary under the decisions of this court. See *Johnson v. Caldwell,* 232 Ga. 200 (5) (205 SE2d 857) (1974); *Smith v. Ricketts* (Case No. 28797, decided April 22, 1975); and, *Smith v. Ricketts* (Case No. 29878, decided May 6, 1975).

Petitioner's enumerations of error filed in this court assert several new grounds which were not presented to the habeas corpus trial court. They are not properly before this court for review, but we note they are without merit. The first enumeration of error is that petitioner was denied counsel at the habeas corpus trial. The evidence shows that at the habeas corpus hearing petitioner announced ready and made no request for appointment of

counsel. Under the majority decisions of this court, petitioner is not entitled to appointed counsel at habeas corpus trials. See *Hinton v. Caldwell,* 231 Ga. 584 (203 SE2d 185) (1974).

Petitioner's second and third enumerations of error relate to claims of improper identification and improper arrest and trial. These are neither supported by the evidence nor by any argument or brief. These contentions, even if ruled on by the habeas corpus court, must be considered abandoned in this court. See, Rules of the Supreme Court, 18 (c) (2).

Petitioner's contentions in this appeal are found to be without merit and the trial court's order remanding petitioner to the custody of the respondent must be affirmed.

*Judgment affirmed. All the Justices concur, except Nichols, C. J., Gunter and Hill, JJ., who concur specially.*

SUBMITTED MARCH 28, 1975 — DECIDED MAY 13, 1975.

Timothy Wayne Kramer, *pro se.*

*Arthur K. Bolton, Attorney General, B. Dean Grindle, Jr., Assistant Attorney General,* for appellee.