## 50694. GRADDY v. THE STATE.

WEBB, Judge.

Bobby Lee Graddy was indicted, tried and convicted in Hall Superior Court for escape, burglary, and kidnapping. He filed his petition for writ of habeas corpus in which he contested the legality of his confinement in the State Prison at Reidsville. The habeas corpus court remanded the case to Hall Superior Court to have petitioner's consecutive sentences vacated and appropriate concurrent sentences entered but otherwise denied the prayers for the grant of the writ. The Supreme Court affirmed in part and reversed in part, holding, inter alia, that an appeal could be prosecuted with benefit of counsel at this late date. *Graddy v. Hopper,* 233 Ga. 65 (209 SE2d 636). A motion for new trial was then made and overruled, and this appeal followed. *Held:*

1. Enumeration of error 2 complains that "The court erred in refusing to dismiss defendant's appointed attorney on defendant's request." It is contended that a younger attorney should have been appointed. This point was ruled upon adversely to appellant in the habeas corpus appeal, *Graddy v. Hopper,* 233 Ga. 65, 66 (1), supra, and no reversible error appears. "An indigent accused has no right to pick and choose his court-appointed counsel. He is entitled to have his appointed counsel render reasonably effective assistance. *Pitts v. Glass,* 231 Ga. 638 (203 SE2d 515)." *McClure v. Hopper,* 234 Ga. 45 (3). Accord, *Willingham v. State,* 134 Ga. App. 144 (1) (213 SE2d 516), in which defendant represented himself with the assistance of counsel so far as defendant would permit, which is the same situation here.

2. In Enumeration 3, it is complained that the court erred in admitting testimony by the kidnap victim relating to the fact that defendant raped her, when he was

not on trial for rape. The evidence showed that defendant escaped from a public works camp, made his way into the victim's home, took some items, and forced her at knifepoint to drive him to Atlanta where he raped her and fled. The testimony as to rape "was admissible to show intent, motive, plan, scheme and bent of mind of the defendant," *Davis v. State,* 233 Ga. 638, 639 (2) (212 SE2d 814) and cits.; was admissible to show a logical connection between the kidnapping and the rape, *Pass v. State,* 227 Ga. 730, 737 (14) (182 SE2d 779); and was admissible as part of the res gestae. *Bell v. State,* 234 Ga. 473; *Collins v. State,* 133 Ga. App. 716 (213 SE2d 19) and cits. In any event " 'the prejudice it creates is outweighed by its relevancy to the issues on trial.' " *Campbell v. State,* 234 Ga. 130, 132.

3. The evidence amply supported the verdict, and the general grounds of the motion for new trial are without merit.

*Judgment affirmed. Bell, C. J., and Marshall, J., concur.*

SUBMITTED JUNE 2, 1975 — DECIDED JUNE 11, 1975.

*C. Frank Strickland, Jr.,* for appellant.

*Jeff C. Wayne, District Attorney, Roland H. Stroberg, Assistant District Attorney,* for appellee.