## 50644. DAVIS v. THE STATE.

STOLZ, Judge.

The defendant appeals from his conviction and sentence for the offense of motor vehicle theft.

1. As required by Anders v. California, 386 U. S. 738, 744 (87 SC 1396, 18 LE2d 493), we have determined, after a full examination of all the proceedings, that the legal point discussed in Division 2 hereinafter was at least arguable, if without merit, hence the appeal was not *wholly* frivolous. Therefore, the appellant's appointed counsel's request to withdraw from the case is denied.

2. The trial judge did not abuse his discretion in denying the defendant's motion for a continuance on the ground of the absence of a witness who was a resident of Haiti, West Indies, where the subpoena for his presence had not been returned in 20 days, the movant could not state affirmatively that he expected to be able to procure the testimony of the witness at the next term of court, and

the case had already been postponed once in order to have the subpoena issued. There was failure of compliance with statutory requirements of Code § 81-1410 (as amended, Ga. L. 1959, p. 342) numbered (3), (5), (6) and (7) in *Beasley v. State,* 115 Ga. App. 827 (1) (156 SE2d 128).

3. Although the enumeration of error on the overruling of the motion for new trial is not argued specifically as to the general grounds by appointed counsel, a review of the evidence reveals that the verdict was supported by the evidence.

*Judgment affirmed. Deen, P. J., concurs. Evans, J., concurs specially.*

SUBMITTED APRIL 30, 1975 — DECIDED JUNE 13, 1975.

*Hugh R. Aderhold,* for appellant.

*H. Lamar Cole, District Attorney, Richard W. Shelton, Assistant District Attorney,* for appellee.

EVANS, Judge, concurring specially.

I concur in all that is set forth in the majority opinion, and add the following special concurrence.

The Supreme Court of Georgia, in the recent cases of *Holloway v. Hopper,* 233 Ga. 615, 616 (212 SE2d 795), and *Moore v. Hopper,* 233 Ga. 894, 895 (213 SE2d 866), have held that the attorney does not have the prerogative of deciding whether or not to appeal. That is a right of the defendant, and he cannot be deprived of that right because his counsel may decide the appeal is without merit. Incidentally, in many criminal cases it is quite easy to try a criminal case by writing the word "not" just before "guilty" on the back of the indictment, thus making sure the plea is "not guilty," then signing counsel's name and no other pleadings or paper work is required. The trial may consist of examining and cross examining witnesses and making an argument to the jury. This may be the glamorous part of a case. But the real, hard work may not begin until after the verdict of guilty has been rendered, and the time for appeal has arrived. Then the season begins of tedious, tiresome, laborious work, of filing papers (and being sure they are correctly made out, served

and filed) and then filing a brief. To allow the lawyer to avoid this work after he has tried the case before the jury should not be allowed. As to having no meritorious points on which to appeal, a part of the trial lawyer's job is to see that points are made during the trial which will allow him to do something more than to just accept a guilty verdict and admit that he made no points during the trial that are now appealable and which should be decided by the appellate courts.

As to the case of Anders v. California, 386 U. S. 738 (87 SC 1396, 18 LE2d 493), let it be noted that there the appellate court appoints counsel; but here in Georgia the trial judge appoints counsel and if the lawyer is to be excused from appealing (and doing all of the laborious work connected with appealing), the trial judge should be the tribunal to relieve the lawyer, with the consequent obligation of appointing another lawyer to take over, and not just leave the defendant convicted without the right to an appeal and review of the case.