## 31061. HARDIN v. HOPPER.

PER CURIAM.

Gary Hardin was convicted in the Superior Court of Bartow County for four offenses of receiving stolen property and was sentenced by the jury to four years imprisonment on each indictment, such sentences to be served consecutively. Thereafter, the present petition for

habeas corpus was filed and the present appeal instituted after petitioner being remanded to the custody of the warden of the Georgia State Prison.

1. The prisoner contends that he did not have a direct appeal from his conviction, that there was no waiver of such right on his part, and that he should be granted an out-of-time appeal. While the testimony of the prisoner in the habeas corpus court, as well as that of his mother and brother who testified at such hearing, is somewhat contradictory, this testimony leads only to the conclusion that the prisoner was seeking to have the conviction appealed. The prisoner testified at the habeas corpus hearing that shortly after his conviction the attorney appointed to represent him in the trial court stated that he would attempt to get the trial court to appoint him to represent the prisoner to appeal his case. There was no evidence of any further contact by such attorney with the prisoner, nor was there any evidence that the prisoner was advised by the court or by the appointed attorney that as an indigent he was entitled to representation on appeal if he desired to appeal the conviction. Under the decision of this court in *Moore v. Hopper,* 233 Ga. 894 (213 SE2d 866) (1975) and similar cases, the prisoner is entitled to an out-of-time appeal and the judgment of the habeas corpus court must be reversed with direction that the prisoner be granted the right to file an out-of-time appeal and that counsel be appointed to represent him on such appeal.

2. The remaining enumerations of error contend that the habeas corpus court erred in not setting aside his conviction because he was tried while wearing leg irons, was convicted of four crimes which arose out of one transaction in violation of Code § 26-506, and was sentenced under the wrong provisions of the Criminal Code. These contentions are not passed upon inasmuch as the prisoner is being granted an out-of-time appeal and such issues may be raised and fully explored on such appeal.

*Judgment reversed with direction. All the Justices concur.*

Argued May 10, 1976 — Decided June 24, 1976.

*James C. Bonner, Jr.,* for appellant.
*Arthur K. Bolton, Attorney General, James L. Mackay, Staff Assistant Attorney General,* for appellee.