## 55079. SMITH v. THE STATE.

BIRDSONG, Judge.

Appellant was indicted for the crimes of aggravated assault and obstructing an officer; he was acquitted of the aggravated assault charge. From a jury verdict of guilty as to the crime of obstructing an officer, this appeal was brought. *Held:*

1. Appellant contends that the verdicts were inconsistent. This contention is without merit for two reasons. First, by appellant's own admission, the offenses for which he was indicted are comprised of factually distinct elements; an acquittal as to aggravated assault (deadly weapon required, Code Ann. § 26-1302) does not

preclude a conviction for obstructing an officer (no deadly weapon required, Code Ann. § 26-2505). Quite clearly, the evidence authorized the jury to find that no deadly force was used, even though some obstruction of the officer, in the legal performance of his duties, did occur. "Where evidence is consistent with two different explanations, one of which will sustain the verdict and one render it inconsistent, this court will infer that the jury adopted that explanation consistent with its findings. [Cits.]" *Fullwood v. State,* 128 Ga. App. 772, 773 (197 SE2d 858). Furthermore, "[i]t is obvious that the offenses involved here, although taking place at the same general time and location, are separate offenses in that each is established by a proof of different facts and each offense is distinct as a matter of law. . ." *Kramer v. Hopper,* 234 Ga. 395, 397 (216 SE2d 119). See *Bruce v. State,* 142 Ga. App. 211 (235 SE2d 606).

Second, the offenses with which the appellant was indicted, although chronologically proximate, nevertheless involve two separate incidents, and therefore are distinct as a matter of fact. Clearly, an acquittal as to one incident does not preclude a conviction for a second, separate and distinct incident. *Kramer v. Hopper,* supra.

2. Appellant challenges the sufficiency of the evidence. "As to the general grounds, this court is bound by the 'any evidence' rule and must accept the state's version of the evidence, as was done by the jury and the trial judge." *Franklin v. State,* 136 Ga. App. 47, 48 (1) (220 SE2d 60). Accordingly, ". . . the verdict of guilty should be affirmed if there is any evidence to support it. . ." *Bethay v. State,* 235 Ga. 371, 376 (219 SE2d 743). The evidence adduced at trial satisfied the "any evidence" rule; this enumeration is without merit.

3. Appellant cites *Mullis v. State,* 196 Ga. 569, 577 (27 SE2d 91) for the proposition that an arresting officer may ". . . use no more force than is reasonably necessary under the circumstances. . ." However, the evidence does not establish a violation of this proscription. Moreover, the officer had the right to arrest appellant for the commission of a crime in his presence. Code Ann. § 27-207. Finally, "[w]here a person is lawfully arrested, either for a

felony or a misdemeanor, and he has notice or knowledge, or by belief or reasonable grounds for belief has 'the equivalent of knowledge,' that the person making the arrest is an officer, it is the duty of the person arrested to submit quietly. [Cits.]" *Mullis v. State,* supra, p. 577. The evidence shows that appellant violated this rule, unlawfully resisting an officer in the legal performance of his duties. Appellant's conviction for obstructing an officer was not contrary to law.

*Judgment affirmed. Bell, C. J., and Shulman, J., concur.*

SUBMITTED JANUARY 17, 1978 — DECIDED FEBRUARY 9, 1978.

*Jack H. Affleck, Jr., C. P. Brackett, Jr.,* for appellant.
*Harry N. Gordon, District Attorney, B. Thomas Cook, Jr., Assistant District Attorney,* for appellee.