60957. WILLIAMS v. THE STATE.

DEEN, Presiding Judge.

Carl Williams appeals from the denial of his motion for a new trial after he was convicted of armed robbery.

1. Appellant first contends that the trial court erred in refusing to require the district attorney to produce for use by appellant during cross-examination the statements of co-defendants Hartley and Kinson who had entered guilty pleas.

Prior to trial, appellant filed a notice to produce two statements of his co-indictees which had been given to police officers shortly after their arrest. The trial court conducted an in camera inspection of the district attorney's file shortly before trial and ruled that the district attorney had complied with the ruling in Brady v. Maryland, 373 U. S. 83 (83 SC 1194, 10 LE2d 215) (1963). Appellant did not make any further request for the statements or renew his request at trial when the witnesses admitted making statements to the police. Although certain portions of the witnesses' trial testimony was contradictory (the name of the person supplying the guns, whether the guns were hidden in the trunk of the car or under the hood of the car, whether or not appellant was wearing a blue suit under a leather jacket, and when the decision to rob a jewelry store was made), the witnesses were extensively cross-examined on these points at trial. A

review of the statements which were sealed and included in the record on appeal reveals no statements were made which were inconsistent with the trial testimony and they did not contain any statement exculpatory to the appellant.

When assigning error upon the denial of a "Brady motion" and suppression of an inconsistent statement by a key prosecution witness, appellant is required to show that the suppressed evidence might have affected the outcome of the trial. *Dickey v. State,* 240 Ga. 634 (242 SE2d 55) (1978). Cross-examination based upon the witnesses' statements to the police would not have affected the outcome of the trial. Appellant's reliance upon *Rini v. State,* 235 Ga. 60 (218 SE2d 811) (1975) is misplaced. In that case, a witness gave contradictory statements to the police and to the appellant's counsel. The time sequence in the giving of the statements was in dispute and could have affected not only his credibility but also could have shown his animosity toward the defendant. The court held that a post trial examination of the statements would reveal whether they were given prior to the interview with counsel or after the interview and reversed the case for other reasons. In the present case, the credibility of the witnesses was also at issue. However, appellant was identified at trial as one of the robbers by the victim of the crime.

2. Appellant also contends that the verdict was against the weight of the evidence. An appellate court does not consider the weight of the evidence; it considers the *sufficiency* of the evidence. *Ridley v. State,* 236 Ga. 147 (223 SE2d 131) (1976). We have examined the record and find that a rational trier of fact could have found from all of the evidence presented at trial that the defendant was guilty beyond a reasonable doubt. *Black v. State,* 154 Ga. App. 441 (268 SE2d 724) (1980).

*Judgment affirmed. Birdsong and Sognier, JJ., concur.*

DECIDED JANUARY 30, 1981.

*Rick F. Ellis,* for appellant.
*Thomas H. Pittman, District Attorney,* for appellee.