## 63754. DUNCAN v. THE STATE.

POPE, Judge.

Appellant was charged with public drunkenness, simple battery and obstruction of an officer in connection with a scuffle with an off-duty deputy sheriff. Appellant was tried and acquitted on the public drunkenness and simple battery charges and convicted on the obstruction of an officer charge. He was sentenced to twelve months probation and ordered to pay a fine of $100 or serve thirty days.

Appellant here appeals the conviction for obstruction of an officer, raising three grounds: (1) That the deputy was not performing his official duties at the time of the incident and therefore an action for obstruction of an officer cannot lie; (2) That the trial court should have granted his motion for judgment n.o.v. because conviction on the obstruction of an officer charge was inconsistent with the acquittal on the other charges; and (3) That the court erred in refusing to allow defense counsel to see a prior written and signed statement made by a state's witness.

The scuffle between appellant and the deputy sheriff occurred at a motel bar. Appellant was a customer and the deputy was serving as a bouncer. The deputy was off-duty at the time, but was in full uniform. At closing time the deputy cleared the bar, as were his instructions. Because appellant would not leave on his own accord, the deputy first escorted him out and then, after appellant returned, physically ejected him. After being ejected appellant allegedly struck the deputy in the face and a scuffle followed. The deputy subdued appellant and handcuffed him. Appellant continued to struggle after he was down and handcuffed. The deputy held him until a patrol car arrived and then appellant was taken away.

1. Appellant's first contention is that the deputy was not performing official duties while moonlighting as a bouncer for a private establishment. Code Ann. § 26-2505 provides: "A person who knowingly and wilfully obstructs or hinders any law enforcement officer in the lawful discharge of his official duties is guilty of a misdemeanor." Appellant is correct in asserting that a person cannot violate this section unless the law enforcement officer is performing official duties at the time of the obstruction or hinderance. We, however, do not believe "official duties" should be interpreted so narrowly as to exclude the actions of the deputy in this case.

In addition to specified duties, all law enforcement officers have the general duty to enforce the law and maintain the peace. They carry this duty twenty-four hours a day, on and off duty. It is true that the deputy in this case was discharging the duties of his private employment when he escorted appellant from the establishment, but

we believe that when appellant became unruly and threatened to breach the peace, the deputy had an official duty, in addition to his private employment duty, to take action.

We find strong public policy reasons in support of our holding. The practice of municipalities which allows law enforcement officers, while off duty and in uniform, to serve as peace-keepers in private establishments open to the general public is in the public interest. The presence of uniformed officers in places susceptible to breaches of the peace deters unlawful acts and conduct by patrons in those places. The public knows the uniform and the badge stand for the authority of the government. The public generally knows that law enforcement officers have the duty to serve and protect them at all times. A holding that law enforcement officers have no official duty to maintain the peace under these circumstances would be in contravention of the policy we seek to further. Therefore, we refuse to adopt the limited interpretation of the term "official duties" espoused by appellant. In this regard, the state has referred us to, and we cite with approval, the case of State v. Kurtz, 78 Ariz. 215 (278 P2d 406) (1954). Law enforcement officers must, of course, discharge their official duties lawfully, and we find this limitation to be sufficient to prevent or remedy any potential abuses. See generally *Chambers v. State,* 127 Ga. App. 196 (2) (192 SE2d 916) (1972).

2. Appellant's next contention is the conviction on the obstruction of an officer charge is inconsistent with the acquittal on the remaining charges. We disagree. A verdict is inconsistent if an acquittal on one charge necessarily includes a finding against a fact essential to a conviction on another charge. See *Kramer v. Hopper,* 234 Ga. 395, 397 (216 SE2d 119) (1975); *Jackson v. State,* 230 Ga. 640 (198 SE2d 666) (1973); *Kuck v. State,* 149 Ga. 191 (99 SE 622) (1919). The essential elements of obstruction of an officer are "knowingly and wilfully obstructing or hindering. . . ." Code Ann. § 26-2505. The acquittal of the public drunkenness charge clearly does not necessarily include a finding against these elements. The acquittal on the simple battery charge shows that the jury was not convinced beyond a reasonable doubt that appellant intentionally made physical contact of an insulting or provoking nature with the deputy or that appellant physically harmed the deputy intentionally. Code Ann. § 26-1304. It does not show that the jury necessarily found that appellant did not obstruct or hinder the deputy in performing his duty. Therefore, we find no inconsistency in the verdict and hold that the motion for judgment n.o.v. was properly overruled.

3. Appellant's final contention is that it was reversible error for the state and the court to refuse his request at trial to see a prior written statement by a state's witness. We note that appellant did not

request the information prior to trial. No Brady motion was made. Appellant discovered the existence of the statement during cross examination of the witness and desired the statement for potential impeachment purposes. He asserted to the court that the statement might contain inconsistencies that would aid him in further attempts to impeach the witness. Appellant did not request an in camera inspection of the statement by the court.

In Brady the Supreme Court established that due process requires the state to disclose to a criminal defendant evidence that is material either to guilt or punishment. Brady v. Maryland, 373 U. S. 83, 86-88 (83 SC 1194, 10 LE2d 215) (1963). This is an affirmative duty which applies even absent a request. United States v. Agurs, 427 U. S. 97, 107 (96 SC 2392, 49 LE2d 342) (1976). However, this affirmative duty attaches only when the evidence in the state's possession is clearly exculpatory. Otherwise, the state need only disclose the information upon request by the defense supported by a showing of materiality. Agurs, supra; Moore v. Illinois, 408 U. S. 786, 795 (92 SC 2562, 33 LE2d 706) (1972). See *Tribble v. State,* 248 Ga. 274 (1) (280 SE2d 352) (1981), and cases cited infra.

Appellant here failed to make a sufficient showing of materiality. He asserted generally to the court that the witness' prior statement might contain inconsistencies that would be useful for impeachment purposes. Of course, appellant had not seen the statement and therefore could not have known the substance of it, but the burden upon him was nevertheless to show how the statement was expected to be material to his defense, that is, to have an effect upon the outcome of the case under the standards established by Brady, Agurs and decisions by the courts of this state. See, e.g., *Roberts v. State,* 243 Ga. 604 (1) (255 SE2d 689) (1979); *Carter v. State,* 237 Ga. 617, 619-20 (229 SE2d 411) (1976); *Rini v. State,* 235 Ga. 60 (1) (218 SE2d 811) (1975); *Williams v. State,* 157 Ga. App. 295 (1) (277 SE2d 291) (1981); *Pless v. State,* 142 Ga. App. 594 (2) (236 SE2d 842) (1977). See also *Brown v. State,* 238 Ga. 98 (231 SE2d 65) (1976).

On appeal, appellant presents nearly the same arguments he presented to the trial court. Assuming arguendo that his arguments are correct, appellant has still failed to provide a basis for reversal. The burden appellant bears in this court is to show that the undisclosed evidence was so material to his defense that non-disclosure deprived him of a fair trial. Agurs, supra; *Stevens v. State,* 242 Ga. 34 (1) (247 SE2d 838) (1978); *Carter v. State,* supra. Appellant does not assert that failure to see the statement deprived him of a fair trial. Because he did not request that the trial court examine the statement in camera and because he otherwise failed to

have the statement included in the record, it is not before us. Without seeing the statement, we cannot say that its nondisclosure deprived him of a fair trial. The trial court was not required to examine the statement on its own motion (*Tribble,* supra), and, in the absence of a request at trial, we will not direct that a post-trial in camera examination be conducted. See *Reed v. State,* 249 Ga. 52 (3) (287 SE2d 205) (1982); *Gamble v. State,* 160 Ga. App. 556 (5) (287 SE2d 593) (1981).

*Judgment affirmed. Deen, P. J., and Sognier, J., concur.*

DECIDED JULY 16, 1982.

*Barnee C. Baxter, Jr.,* for appellant.

*Sam B. Sibley, Jr., District Attorney, Gayle B. Hamrick, Michael C. Eubanks, Assistant District Attorneys,* for appellee.