PARKS, *alias* ALEXANDER, *v.* THE STATE.

No. 16267. JULY 15, 1948.

*M. G. Hicks, W. T. Maddox,* and *Dudley Magruder Jr.,* for plaintiff in error.

*Eugene Cook, Attorney-General, E. J. Clower, Solicitor-General, Dan P. Winn,* and *Vaughn Terrell, Solicitor,* contra.

CANDLER, Justice. (After stating the foregoing facts.) The extraordinary motion for new trial in the case at bar is not challenged as to form or as to any requirements of the Code. It is contested solely on the merits. One question only is presented for decision by the writ of error, namely, did the trial judge abuse his discretion in refusing to grant the accused a new trial on his extraordinary motion based solely upon the ground of newly discovered evidence? In determining this question there are certain well-established and controlling principles of law which we must apply to the facts in the present case. They are:

1. Motions for new trial based upon newly discovered evidence are not favored by the law. At our October term, 1851, in *Berry* v. *State,* 10 *Ga.* 511, this court announced that rule. By numerous decisions since then it has consistently followed it. *Brannon* v. *State,* 190 *Ga.* 203 (9 S. E. 2d, 152), is one of the more recent pronouncements of the rule. It should, however, be kept in mind that this rule applies to ordinary or regular motions for new trial. In *Brown* v. *State,* 141 *Ga.* 783, 786 (82 S. E. 238), it was held that the rule announced in the *Berry* case, supra, applies with even greater force where one has been regularly tried and convicted, has made a motion for new trial, failed to obtain it, and the judgment has been affirmed.

2. Where an extraordinary motion for new trial is made upon the ground of newly discovered evidence and by a counter showing the evidence in support of the motion is contradicted, it is no abuse of discretion to deny the motion. *Morris* v. *State,* 177 *Ga.* 365 (170 S. E. 217); *McMullen* v. *State,* 200 *Ga.* 812 (38 S. E. 2d, 424).

3. Unless it is reasonably apparent from the record that the alleged newly discovered evidence will likely produce a different verdict upon another trial, a motion for new trial based upon that ground should not be granted. *Young* v. *State,* 56 *Ga.* 403; *Burge* v. *State,* 133 *Ga.* 431 (66 S. E. 243); *Brown* v. *State,* supra; *Pulliam* v. *State,* 199 *Ga.* 709 (35 S. E. 2d, 250). It is always incumbent upon the party who asks for a new trial upon this ground to satisfy the court that a different result will likely be obtained when the new evidence is given on a subsequent trial. *Berry* v. *State,* supra.

4. After the accused has been convicted, a new trial denied him, and that judgment has been affirmed, an extraordinary motion for new trial on the ground of newly discovered evidence is addressed to the sound legal discretion of the trial judge, and his judgment will not be controlled by this court unless it clearly appears from the record that his discretion has been abused. *Miller* v. *State,* 119 *Ga.* 561 (46 S. E. 838) ; *Bradford* v. *Brand,* 132 *Ga.* 642 (64 S. E. 688) ; *McCoy* v. *State,* 193 *Ga.* 413 (18 S. E. 2d, 684) ; *Pulliam* v. *State,* supra.

Tested by these rules, can we now say as a matter of law that the trial judge abused his discretion in rendering the judgment complained of? We are not inclined to think so. It so happens in the present case that the trial judge resides in the county from which this case comes. He saw, heard, and very probably knew all of the witnesses who testified both in support of and against the motion. Twice before he had heard the evidence of the State and the accused, including the defendant's statements. Being the trior of the issue made by the motion and the counter showing, it was peculiarly within his province to pass upon the credibility of the witnesses who testified and to say what weight should be given their testimony. Upon him the law places the responsibility of determining the materiality of the alleged newly discovered evidence and the probability of its producing a different verdict if a new trial should be granted. The law vests in him a broad discretion in passing upon such motions and withholds from this court any right to control his judgment unless it clearly appears from the record that he has abused his discretion. Anxious to properly perform our duty, we have carefully and painstakingly examined the record, and after doing so we can not hold that any abuse of discretion is shown. In other words, there is nothing in the record that makes it so clear and certain as not to admit of dispute that the judge erred in overruling the motion on the ground alleged, or, to put it differently, the record does not disclose that the judge abused his discretion in overruling the motion. Accordingly no error is shown.

*Judgment affirmed. Jenkins, Chief Justice, Duckworth, Presiding Justice, Atkinson, Wyatt, and Head, Justices, and Judge Lilly concur.*