## 53792. VAN SCOIK v. THE STATE.

McMURRAY, Judge.

On July 9, 1976, this court affirmed the conviction of the defendant herein for the offense of robbery by intimidation. See *Van Scoik v. State,* 139 Ga. App. 293 (228 SE2d 229). But on June 7, 1976, while the above case was pending in this court, defendant filed an extraordinary motion for new trial in the trial court in which he set forth facts that his attorney had received information in a letter on April 15, 1976, from an inmate at the Muscogee County jail, Columbus, Georgia, that indicated a fellow inmate had admitted to the letter writer that he was the driver of the automobile used in the armed robbery for which the defendant was charged and that the defendant had not been involved in the armed robbery of which he was accused and convicted. Following a meeting with the author of the letter, counsel for defendant met with and questioned the inmate who was allegedly the driver of the vehicle used in the robbery in which the defendant was charged. Upon questioning this inmate admitted he was the driver of the vehicle used in the robbery, that a former friend of his, one Gerald Cooper, was the individual who entered the food store and robbed the store and fled using an automobile borrowed from another individual.

An evidentiary hearing was held on the motion at which time counsel for defendant presented evidence from the alleged accomplice and the owner of the alleged automobile used in the commission of the crime. The court, after considering the testimony and based upon his recall of the testimony at the time of the trial of the defendant and considering the credibility of the witness-accomplice, on November 30, 1976, denied the extraordinary motion for new trial based upon the alleged newly discovered evidence presented. Defendant appeals. *Held:*

Motions for new trial on the ground of newly discovered evidence are not favored and are addressed to the sole discretion of the trial judge, which will not be controlled unless abused. *Bradley v. Bradley,* 232 Ga. 717 (208 SE2d 817). Here the trial court had the duty of

evaluating the credibility of a witness who was an alleged accomplice or driver of the automobile who testified that he and another were involved in the alleged robbery, and the defendant was not involved. If it is not reasonably apparent to the trial judge that the alleged newly discovered evidence would probably produce a different result, then a new trial should not be ordered. *Parks v. State,* 204 Ga. 41 (c) (48 SE2d 837); *Pulliam v. State,* 199 Ga. 709 (1) (35 SE2d 250). Further, the testimony here would be merely cumulative in that it goes to the issue of alibi and mistaken identity, and would further only serve to impeach the credibility of the victim insofar as her positive identification of the defendant in the trial in which he was convicted is concerned. Compare *Bell v. State,* 227 Ga. 800, 805 (183 SE2d 357). The lower court did not abuse its discretion in denying the extraordinary motion for new trial.

*Judgment affirmed. Bell, C. J., and Smith, J., concur.*

Submitted April 5, 1977 — Decided May 19, 1977.

*Sprouse, Tucker & Ford, William L. Tucker,* for appellant.

*E. Mullins Whisnant, District Attorney, William J. Smith, Lovick P. Anthony, Assistant District Attorneys,* for appellee.