## 57695. BENSON v. THE STATE.

McMURRAY, Presiding Judge.

Defendant was indicted, along with another, for the offense of theft by taking in that they did on a certain date take $400 in U. S. currency from a business with the intention of depriving the owner of said property. The co-defendant later pleaded guilty.

Defendant was tried, convicted and sentenced to serve a term of 10 years, that is, eight years in confinement and the balance to be served on probation. A motion for new trial as thereafter amended was filed and denied, and the defendant appeals. *Held:*

1. The evidence discloses that the defendant and the co-defendant drove together to the grocery store and left together in the same automobile. The operator of the store testified that she had counted $400 and placed it beneath the cash register counter, and no one else had been in the store since that time. Another customer testified he saw the co-defendant take something from underneath the cash register counter while the defendant was with the store operator at the meat counter, and immediately thereafter the operator discovered the money was missing and asked the customer to keep the co-defendant in sight until the defendant and the co-defendant were stopped by authorities. He testified he did so, following them through at least two counties, until they were stopped by authorities. There was testimony that the same amount of money as had been taken from the store was found on the floor of the automobile on the driver's (co-defendant's) side. The evidence, both direct and circumstantial, is

sufficient to show a routine known as "flim flam," whereby one person attracts the attention of the store operator while another may take the store receipts. The trial court did not err in denying a motion for directed verdict of acquittal inasmuch as the above evidence authorizes the jury to convict. See *Townsend v. State,* 127 Ga. App. 797, 799 (195 SE2d 474); *Harris v. State,* 236 Ga. 242, 244 (1) (223 SE2d 643).

2. Defendant sought to show that an alleged exculpatory statement made by the co-defendant (who had pleaded guilty prior thereto) had been made. Defendant sought to introduce a Xerox copy (obtained by a Brady motion) as a business record of the sheriff's office. See Code Ann. § 38-710 (Ga. L. 1950, pp. 73, 74). Defendant argues the sheriff, as a witness, should be authorized to testify and read the statement in the record as a business record. See Code Ann. § 38-711 (Ga. L. 1952, p. 177). No attempt was made to determine who had taken the statement (from the co-defendant) but the defendant sought merely to place it in the record by qualifying same as a business record kept in the course of criminal investigations. The original was no longer in the sheriff's files. Under the decision in *Pickett v. State,* 123 Ga. App. 1, 2 (2) (179 SE2d 303), the statement referred to contained hearsay made by another and same could not be established as a business entry under Ga. L. 1952, p. 177; Code Ann. § 38-711. See also *Wesley v. State,* 225 Ga. 22 (2) (165 SE2d 719); *Calhoun v. Chappell,* 117 Ga. App. 865 (2a) (162 SE2d 300).

3. The trial court is not authorized or required to compel the district attorney to administer to a defendant a polygraph test. See *Jenkins v. State,* 147 Ga. App. 21 (1) (248 SE2d 33).

*Judgment affirmed. Deen, C. J., and Birdsong, J., concur. Shulman, J., not participating.*

Submitted April 11, 1979 — Decided May 29, 1979 — Rehearing denied July 6, 1979.

*J. A. Nolan,* for appellant.
*Joseph H. Briley, District Attorney, Sallie Rich*

*Jocoy, Assistant District Attorney,* for appellee.