## 59928. LORD v. THE STATE.

SMITH, Judge.
Lehman Lord was convicted of rape. He appeals the trial court's
denial of his motion for a new trial and the admission into evidence of
certain testimony which adversely reflected upon his character. We
affirm.

1. The victim in this case was raped in her home shortly after
7:00 a.m. on November 22, 1977. Although she never saw her
assailant, the victim positively identified appellant as the rapist. She
not only recognized his voice, but their sporadic conversation
revealed his knowledge of her gun, eyesight and heart condition,
information which would not be known to someone outside her
immediate circle of friends and family. Moreover, the rapist called
her "ole woman" and used the same vulgar language as appellant had
used in previous conversations. Appellant, the victim's former
son-in-law, testified that he was asleep in his car in his uncle's front
yard at the time the rape occurred. His uncle, although he only saw

someone's knees "sticking up," testified that he observed appellant in his car at approximately 7:30 a.m. the morning of the rape.

An evidentiary hearing was held on appellant's motion for a new trial at which one Franklin testified that he, not appellant, had committed the rape. Franklin, having been convicted of an unrelated rape, testified that he approached appellant in jail and volunteered that he had committed the rape of which appellant had been convicted. He further testified that he and appellant had no further communication with one another. Franklin's recital of the circumstances surrounding the rape followed generally that of the victim with some exceptions, notably: Franklin testified that he did not "make conversation" with the victim; he did not know the victim personally and was not familiar with her house or property; and he knew nothing of her eyesight or heart condition. Franklin admitted to several rapes and other illegal sexual activity. He felt that his sexual desires and behavior were not "normal." He expressed the hope that the State of Georgia would help him to receive treatment.

"Motions for new trial on the ground of newly discovered evidence are not favored and are addressed to the sole discretion of the trial judge, which will not be controlled unless abused." *Van Scoik v. State,* 142 Ga. App. 341 (235 SE2d 765) (1977). "Unless it is reasonably apparent from the record that the alleged newly discovered evidence will likely produce a different verdict upon another trial, a motion for new trial based upon that ground should not be granted . . . " *Parks v. State,* 204 Ga. 41, 45 (48 SE2d 837) (1948); *Cobb v. State,* 219 Ga. 388 (133 SE2d 596) (1973).

"In numerous other cases an important element in the decision to allow a new trial has been the fact that the evidence sustaining the verdict was weak and unsatisfactory . . ." *Bell v. State,* 227 Ga. 800, 809 (183 SE2d 357) (1971). The victim's testimony in the instant case was not "weak and unsatisfactory." She positively identified appellant as the perpetrator, citing his voice, his manner of speaking, and his knowledge of generally unknown facts as the basis of her identification. The victim was personally familiar with appellant, her ex-son-in-law. The testimony of Franklin materially differed from that of the victim in several particulars. Under the circumstances of this case, the trial court did not abuse its discretion in denying the motion for new trial. See *Wanzer v. State,* 235 Ga. 226 (219 SE2d 96) (1975); *Loughridge v. State,* 202 Ga. 129 (42 SE2d 473) (1947); *Van Scoik,* supra; Code § 70-204; see also *Lee v. State,* 146 Ga. App. 189 (245 SE2d 878) (1978).

2. The victim testified that immediately after the rape, appellant threatened to set her house on fire if she reported the rape and boasted that she was his ninth victim without being caught.

Appellant moved for a mistrial on the ground that this testimony impermissibly placed his character in evidence.

"Declarations accompanying an act . . . shall be admissible as part of the res gestae." Code § 38-305. Under *Potts v. State,* 241 Ga. 67, 73 (243 SE2d 510) (1978), which this court is bound to follow, the statements made by appellant subsequent to the rape "are a part of the res gestae and are admissible as such *(Hawes v. State,* 240 Ga. 327 (6) (240 SE2d 833) (1977)), notwithstanding the fact they may show other criminal conduct on the part of the one who made the statement." Appellant's enumeration of error is therefore without merit. *Collins v. State,* 133 Ga. App. 716 (213 SE2d 19) (1975).

*Judgment affirmed. McMurray, P. J., and Banke, J., concur.*

SUBMITTED MAY 8, 1980 — DECIDED OCTOBER 22, 1980 — REHEARING DENIED NOVEMBER 19, 1980 — 

*Victor Hawk,* for appellant.
*Richard E. Allen, District Attorney, Steven L. Beard, Assistant District Attorney,* for appellee.