60137. JONES v. THE STATE.

Smith, Judge.

Appellant was convicted of burglary and rape. We affirm.

1. In his first enumeration of error, appellant asserts that the state was obligated to provide him lie detector and voice analyzer tests. This contention was rejected by this court in *Benson v. State,* 150 Ga. App. 569, 570 (258 SE2d 156) (1979). See *Clark v. State,* 149 Ga. App. 641 (255 SE2d 110) (1979); *Jenkins v. State,* 147 Ga. App. 21 (248 SE2d 33) (1978).

Appellant also contends that the holding of *State v. Chambers,* 240 Ga. 76 (239 SE2d 324) (1977), requiring the defendant to obtain "an express stipulation of the parties" in order for lie detector test results to be admissible, violates the defendant's Sixth Amendment right to call witnesses in his defense. In response to this contention we only need note that a majority of the Georgia Supreme Court "prefers to adhere to the *Chambers* decision." *Ross v. State,* 245 Ga. 173, 175 (263 SE2d 913) (1980). It therefore remains binding on this court.

2. Appellant contends the trial court erred in charging the jury as follows: "This defendant enters upon this trial with the presumption of innocence in his favor, which entitles him to a judgment of acquittal unless the State overcomes this presumption by the introduction of evidence which convinces you of his guilt *to a moral and reasonable certainty and beyond a reasonable doubt.*" (Emphasis supplied.) Appellant argues that the charge establishes two different standards of proof and impermissibly injects issues of "morality" into a rape case. We find these contentions meritless, especially in view of the entire charge. An instruction substantially identical to that quoted above was specifically approved by the Georgia Supreme Court in *Franklin v. State,* 245 Ga. 141, 153 (fn. 10) (263 SE2d 666) (1980). See *Austin v. State,* 6 Ga. App. 211 (64 SE 670) (1909).

3. Appellant enumerates as error the denial of his motion for

new trial, apparently based on "newly discovered evidence." He contends that the results of a voice analyzer test taken after trial and an affidavit of an individual stating that "three days after the Defendant was arrested, [the prosecutrix] told your Deponent that she would drop the charges if the Defendant's mother would pay her the sum of $100.00" establish appellant's innocence and require that a new trial be granted. We cannot agree. "Motions for new trial on the ground of newly discovered evidence are not favored and are addressed to the sole discretion of the trial judge, which will not be controlled unless abused." *Van Scoik v. State,* 142 Ga. App. 341 (235 SE2d 765) (1977). Even assuming the admissibility of the evidence cited above, we cannot say that the trial court abused its discretion in denying appellant's motion for new trial. *Lord v. State,* 156 Ga. App. 492 (1980).

4. At the beginning of the trial, the trial court instructed the jury as follows: "It is for you to say whether, under the evidence in this case, the testimony of the witness and the facts and the circumstances sufficiently identify this defendant as the perpetrator of any crime beyond a reasonable doubt." (Emphasis supplied.) Prior to sending the jury out, the trial court gave the following curative instruction: "Ladies and Gentlemen, I think I made an inadvertent mistake in discussing this indictment, and I referred to one of the offenses as a term which relates to another offense not charged, and I just made a mistake on that. The Court Reporter called it to my attention. You will look at the indictment, of course, and those are the offenses as specified therein, as I'm sure you understand, if you notice my error. I'm sure you will understand that you are to consider only the offenses charged in the indictment, as written down on that piece of paper you have got there." Appellant contends this curative instruction was insufficient since "[t]he court has no way of knowing if anyone on the jury can read, has ever read an indictment before, knows how to read an indictment or knows what all the legal terminology of an indictment means in relation to the defendant or the charges of this case." Whatever the merits of these contentions, there was no reversible error here. On several occasions, the trial court orally instructed the jury as to the two offenses charged in the indictment. In view of the entire charge, it is inconceivable that any juror could have been misled. See *Dyke v. State,* 232 Ga. 817, 825 (209 SE2d 166) (1974).

*Judgment affirmed. McMurray, P. J., and Banke, J., concur.*

ARGUED JUNE 6, 1980 — DECIDED NOVEMBER 21, 1980 —

*Robert E. Sigal,* for appellant.

*Lewis R. Slaton, District Attorney, Joseph J. Drolet, Allen Moye, Assistant District Attorneys,* for appellee.