## 63398. BLANKENSHIP v. THE STATE.

POPE, Judge.

Danny Lee Blankenship brings this appeal from the trial court's denial of his extraordinary motion for new trial based on newly discovered evidence. We affirm.

The thrust of appellant's arguments on appeal is that the trial court erred in determining as a matter of law that the evidence offered in support of the motion for new trial was so inherently incredible that it was unlikely to produce a different verdict on retrial. See *Burge v. State,* 133 Ga. 431 (2) (66 SE 243) (1909). The evidence upon which appellant based his motion was for the most part provided by one Rodney Clark McGuire. McGuire testified at the hearing on the motion that he had seen someone else commit the robbery (purse snatching) of which appellant has been convicted, although on cross examination he admitted that he did not actually see the purse being snatched. He testified that this purported snatcher was an acquaintance who ran toward the location where McGuire and another were parked and waiting for him in a car. McGuire stated that he and the other person drove off before the purported snatcher could reach the car. McGuire related this information to appellant after appellant's conviction and while both were incarcerated in the Gwinnett County Jail.

The evidence at the hearing also showed that appellant and McGuire had grown up together and were friends, and that McGuire has an extensive criminal record dating from 1974. He is presently serving time for burglary. Furthermore, McGuire's recollection of the events surrounding the subject robbery were almost identical to a previous recanted confession he had given for another childhood friend (also convicted of purse snatching) several years earlier.

" 'Motions for new trial on the ground of newly discovered evidence are not favored and are addressed to the sole discretion of the trial judge, which will not be controlled unless abused.' *Van Scoik v. State,* 142 Ga. App. 341 (235 SE2d 765) (1977). 'Unless it is reasonably apparent from the record that the alleged newly discovered evidence will likely produce a different verdict upon another trial, a motion for new trial based upon that ground should not be granted . . . ' " *Lord v. State,* 156 Ga. App. 492, 493 (274 SE2d 641) (1980); *Drake v. State,* 248 Ga. 891 (1) (287 SE2d 180) (1982). McGuire's testimony would be merely cumulative in that it would go to the issues of alibi and mistaken identity and further would only serve to impeach the credibility of the victim's positive in-court identification of appellant as the culprit. *Van Scoik,* supra. Moreover, the evidence sustaining the verdict in the case at bar, although not overwhelming, was not "weak and unsatisfactory." *Blankenship v. State,* 159 Ga. App. 75 (282 SE2d 719) (1981). Compare *Bell v. State,* 227 Ga. 800 (3) (183 SE2d 357) (1971). Therefore, the trial court did not abuse its discretion in denying appellant's extraordinary motion for new trial.

*Judgment affirmed. Deen, P. J., and Sognier, J., concur.*

DECIDED JUNE 10, 1982.

Wynn Pelham, for appellant.
Bryant Huff, District Attorney, Johnny R. Moore, Genevieve L. Frazier, Assistant District Attorneys, for appellee.