## 39018. WALKER v. THE STATE.

WELTNER, Justice.

Zachery Walker was indicted and convicted of murder for shooting and killing Jacob Lecompte with a handgun. Walker also was convicted of aggravated assault in connection with the shooting of Betty Jean Worthy, the sister-in-law of the victim and a bystander at the scene of the homicide.

Annette Lecompte, wife of the deceased, testified that on the night of October 16, 1981, she, her husband, her sister Betty Jean Worthy, and her brother-in-law Frank Worthy, went to a bar called Maxine's. After they had been at the bar for about an hour, an unidentified man in a maroon shirt approached their table and asked Mrs. Lecompte to dance. She refused. Five minutes later, the man asked Mr. Lecompte if he could dance with Mrs. Lecompte, and he refused. Eventually, the man returned with a stick and began "calling [Mrs. Lecompte and Mrs. Worthy] names." Mrs. Lecompte stated that, during this time, she observed the man in the maroon shirt talking to Walker, the appellant. About five minutes after the man returned with the stick, the deceased and Mr. Worthy went outside the bar; shortly thereafter, the two women decided to leave.

According to Mrs. Lecompte, when she and Mrs. Worthy left the bar, they observed their husbands across the street. As the women were standing in front of the bar, Mrs. Lecompte heard Walker, standing nearby, say, "If those bitches don't want to dance, they need to stay at home." When Mrs. Lecompte objected to this remark, Walker began to hit her. She picked up a beer bottle and attempted to defend herself, hitting Walker on the arm in the process. Walker then

obtained a gun from a nearby van and began, in her words, "pistol whipping" Mrs. Lecompte. At one point he held the pistol under her nose and pulled the trigger, but it did not fire. As Walker was commencing to hit Mrs. Lecompte again, the deceased leapt on him from behind, sending both men crashing through a plate glass window in the front of the bar. Seconds later Mrs. Lecompte heard a shot, and saw her husband walk out of the bar and fall, fatally wounded. She then saw Walker, standing outside the bar, shooting two or three times in the direction of Mr. and Mrs. Worthy. Mrs. Worthy was wounded in the incident, as well as Billy Lamar Baker, a bystander who later testified for the defense.

The testimony of Mr. and Mrs. Worthy was consistent with that of Mrs. Lecompte in almost every respect. Only Mrs. Lecompte related seeing the man in the maroon shirt talking to Walker. Mrs. Worthy stated that as Walker and the deceased fell through the window, she saw a flash of light and heard a shot. She then saw Walker stand, aim a pistol at her, and fire. Mr. Worthy testified that when he and the deceased left the bar, they were threatened by the man in the maroon shirt and another man, both of whom had guns, forcing them to flee across the street; that as they stood across the street, they observed Walker attacking Mrs. Lecompte, at which point the deceased ran back and encountered Walker.

Billy Lamar Baker, a defense witness, stated that he was a friend of Walker; that they were together outside the bar that night; that Walker entered the bar; that when Walker left the bar he was followed by a woman who tried to hit him with a bottle; that as Walker attempted to block her blows, he was pushed through the glass window by the deceased; that Walker and the deceased struggled; and that, some three minutes later, shots rang out, one projectile hitting Baker. Baker further stated that he never saw Walker with a pistol that night, and that Walker never hit Mrs. Lecompte.

1. Walker contends that the trial court erred in failing to instruct the jury, upon a timely, written request, as to the law of justification. The State contends that homicide cannot be justified when a defendant is the aggressor and the victim acts in self-defense, or in defense of a family member; that having provoked the victim by attacking his wife, Walker was not entitled to raise the defense of justification. See Code Ann. § 26-902 (b).

The State's argument is founded upon the supposition that the testimony of Baker is incredible. That may be an accurate assessment of his credibility. However, nothing is more firmly settled in the law than the principle that, in a jury trial, the jurors are the sole judges of the credibility of witnesses. Code Ann. § 38-1805. In this case, *if* the jury had believed Baker, they could have concluded that Walker was

not the aggressor, but rather that Walker was pushed through the plate glass window by the deceased while defending himself against an unprovoked attach by Mrs. Lecompte. Under these circumstances, were these contentions true, Walker would have available to him two theories of defense: (1) having been attacked with a bottle and being pushed through a plate glass window, Walker reasonably believed that the use of deadly force was necessary to prevent death or great bodily injury to himself. Code Ann. § 26-902 (a); (2) having been attacked with a bottle and being pushed through a plate glass window, Walker reasonably believed that the use of deadly force was necessary to prevent the commission of a forcible felony, to wit, aggravated assault. Code Ann. §§ 26-902 (a) and 26-1302. In connection with the latter theory, it would be necessary for the jury to find that the breaking glass was a "deadly weapon" within the meaning of Code Ann. § 26-1302. See *Quarles v. State,* 130 Ga. App. 756 (2) (204 SE2d 467) (1974). Thus, on a retrial, the jury should be instructed as to the definitions of aggravated assault, forcible felony, and deadly weapon, in addition to appropriate instructions concerning the law on justification.

The defense of justification having been raised by *some* evidence, it was error to refuse to submit it to the jury.

2. The trial court permitted the Assistant District Attorney, over objection, to ask Mrs. Lecompte whether she had previously reported the shooting incident to the police and whether her statement to the police was consistent with her testimony at trial. She answered both questions in the affirmative, and the same line of questioning was repeated, without objection, during direct examination of Mr. and Mrs. Worthy. Walker contends that these questions constituted impermissible bolstering of the credibility of Mrs. Lecompte, as no charge of recent fabrication had been imputed to her, nor had she been impeached by the use of prior inconsistent statements. See *Hornsby v. State,* 139 Ga. App. 254 (3) (228 SE2d 152) (1976).

The testimony of a witness that she approached the police after an incident and made a statement which was consistent with her testimony at trial is not hearsay, as the content of the prior statement is not offered. While such testimony may lend credence, as a practical matter, to the proposition that a witness is telling the truth at the time of trial, we have excluded both testimony that such a statement was made and evidence of its content unless the testimony of a witness at trial comes under attack as a recent fabrication. See, in general McCormick, Hornbook of the Law of Evidence, 2d Ed., §§ 49, 251.

This testimony should have been excluded. *Hornsby v. State,*

supra.

3. The trial court did not err in declining to instruct the jury as to the law of involuntary manslaughter. *Crawford v. State,* 245 Ga. 89 (3) (263 SE2d 131) (1980).

4. The jury was instructed as to the law of voluntary manslaughter. The trial court did not err in declining to instruct the jury as to the law of mutual combat as a basis for a finding of voluntary manslaughter. *McClendon v. State,* 231 Ga. 47 (199 SE2d 904) (1973).

*Judgment reversed. All the Justices concur, except Smith, J., who concurs in the judgment only.*

DECIDED NOVEMBER 16, 1982.

*William T. Hankins III,* for appellant.

*Thomas S. Clegg, Assistant District Attorney, Michael J. Bowers, Attorney General, Victoria H. Soto, Staff Assistant Attorney General,* for appellee.

