65388. OSBORNE v. THE STATE.

SOGNIER, Judge.

On February 5, 1980 appellant was convicted of the offense of selling marijuana. On appeal we reversed Osborne's conviction

because the state failed, after timely written request, to provide to appellant a copy of the crime laboratory report as required by OCGA § 17-7-211 (Code Ann. § 27-1303), and thereafter, the trial court allowed a laboratory technician to testify as to information contained in the lab report. Subsequently, the case was placed on the court calendar for retrial and appellant filed a plea of autrefois acquit and a plea of double jeopardy. The trial court denied the pleas and Osborne filed this appeal, contending it was error to deny his pleas.

The gist of appellant's argument is that had the original trial court excluded the testimony of the laboratory technician, there would have been insufficient evidence to sustain the conviction, and a retrial is barred by Art. I, Sec. I, Par. XV of the Constitution of Georgia (OCGA Vol. 2) (Code Ann. § 2-115) and the Fifth Amendment to the Constitution of the United States (OCGA Vol. 1) (Code Ann. § 1-805) when a criminal conviction is reversed for insufficiency of the evidence. The state argues that appellant's original conviction was not reversed because of insufficiency of the evidence, but because of trial error.

Once a reviewing court reverses a conviction solely for insufficiency of the evidence to sustain the verdict of guilty, double jeopardy bars retrial; however, where a defendant obtains a reversal based upon "trial error," double jeopardy does not bar retrial. Burks v. United States, 437 U. S. 1 (98 SC 2141, 57 LE2d 1). Thus, we must determine whether appellant's original conviction was reversed because of insufficiency of evidence to support the verdict or was reversed because of trial error.

Our Supreme Court considered this same issue in *Hall v. State,* 244 Ga. 86, 93 (5) (259 SE2d 41) (1979), where a bank officer's testimony was admitted at trial, but found inadmissible on appeal. In finding that the reversal resulted from trial error, the court stated: "At the outset, we note that the evidence found inadmissible on appeal was not found to be incompetent. Thus, such evidence would not be automatically excluded at a retrial but could be made admissible by laying the proper foundation. Our study . . . leads us to conclude that the case before us properly belongs in the trial error category rather than the insufficiency of the evidence category."

In the instant case the testimony of the lab technician was not inadmissible because it was incompetent, but because the defense had not been furnished a copy of the laboratory report as required by OCGA § 17-7-211 (Code Ann. § 27-1303). Therefore, it would not be excluded automatically on retrial. See *Tanner v. State,* 160 Ga. App. 266, 268 (287 SE2d 268) (1981). Thus, the reasoning followed in *Hall,* supra, is applicable here, and we find that Osborne's original

conviction was reversed due to a trial error, rather than insufficiency of the evidence. Therefore, a retrial is not barred by the double jeopardy provisions of the Georgia and United States constitutions. Burks, supra. Accordingly, the trial court did not err by denying appellant's plea in autrefois acquit and his plea of double jeopardy.

*Judgment affirmed. Quillian, P. J., and Pope, J., concur.*

DECIDED APRIL 6, 1983 —
REHEARING DENIED APRIL 29, 1983 —

*Victoria D. Little,* for appellant.
*W. Bryant Huff, District Attorney, Johnny R. Moore, Assistant District Attorney,* for appellee.