## 66629. TIMS v. THE STATE.

McMURRAY, Presiding Judge.

Defendant was convicted of the offenses of kidnapping and armed robbery committed in Fulton County, Georgia. His motion for new trial was denied, and he appeals.

This case rests basically upon the eyewitness identification by the victim. The defendant claims that the victim was mistaken about her assailant's identity and presented witnesses to support his contention. However, the state presented to the jury both the defendant and the man whom defendant claims to be the perpetrator. The victim was then asked to tell the jury which of these two men kidnapped, robbed and sodomized her. The victim, stating that there was no doubt in her mind, picked the defendant. The jury believed the victim and convicted defendant of kidnapping and armed robbery. *Held:*

1. In Enumeration 1 defendant contends that the verdict of the jury was contrary to the evidence, against the weight of the evidence and without evidence to support it. Thus, the issue before this court is whether the evidence was sufficient to sustain the jury's verdict. As to this issue, we answer in the affirmative. As such, Enumeration 1 is without merit.

In the late evening hours of February 27, 1982, and early morning hours of February 28, 1982, the victim and her boyfriend drove to an apartment complex on North Highland to obtain Dilaudid (a drug used by the victim's boyfriend). The victim, using her father's automobile, was driving because her boyfriend's license had been suspended. At the North Highland Apartments the boyfriend

and the victim met one L. D. Carter. The victim's boyfriend asked Mr. Carter if he had a syringe that he could use to inject the Dilaudid. The victim and her boyfriend followed Mr. Carter to "Cabbagetown" to get a syringe for the boyfriend to use. When they arrived in "Cabbagetown," they stopped in front of a house, located at 624 McDonald Street, and the boyfriend and Mr. Carter went inside. While the boyfriend was inside the house, Mr. Carter came up to the victim's automobile. He opened the passenger door to her automobile and began talking to the victim. At about this time another man with a pistol came up to her automobile and pointed the pistol at the victim. He pushed Mr. Carter away from the automobile and got in on the passenger's side. The victim was then ordered to drive. While driving, the perpetrator told the victim to take off her rings, earrings, and necklaces and then directed her to a cemetery in adjoining DeKalb County, Georgia. When they arrived at a certain section of the cemetery, the perpetrator ordered the victim to stop the automobile and to turn off the lights and motor. The perpetrator then opened the door so that the dome light would come on and went through the victim's purse. With the dome light on, the victim saw the perpetrator's face for the first time. The victim looked at the perpetrator's face for about one or two minutes. The perpetrator then took the victim out of the automobile and when she screamed, he cocked the gun and put the barrel in her mouth. At that time, she again saw the perpetrator's face. The perpetrator made the victim take off her clothes and then forced her to perform "oral sex" with him. Afterwards, the perpetrator drove the victim's automobile out of the cemetery and stopped on a street not too far from where they had started. The perpetrator then got out of the automobile and stood beside it with the door open. The victim looked at the perpetrator's face again at this time. Thereafter, the victim was released, contacted her boyfriend's father, who in turn, contacted the police.

The next morning the victim rode with an Atlanta detective to 624 McDonald Street. As the detective drove past a group of five or six men standing on the street corner, the victim recognized the perpetrator of the above crimes and later identified him as the defendant.

From the above factual scenario, as testified to by the victim, it is clear that her testimony was sufficient to sustain the jury's verdict. The victim had on several occasions observed the face of the man who assaulted her. She rejected, as being her assailant, the man who defendant claims is the perpetrator. The victim further positively identified the defendant as the one who kidnapped, robbed, and sodomized her, adding that there was no doubt in her mind. Thus, the

evidence amply supports the verdict. *Edwards v. State,* 153 Ga. App. 361 (1) (265 SE2d 322); *Code v. State,* 239 Ga. 644 (1) (238 SE2d 430). Viewing the evidence adduced at trial in a light most favorable to the verdict, we find that the evidence was sufficient to enable any rational trier of fact to reasonably find the defendant guilty of the offenses of armed robbery and kidnapping beyond a reasonable doubt. See *Mullis v. State,* 248 Ga. 338 (1) (282 SE2d 334); *Murray v. State,* 152 Ga. App. 871 (264 SE2d 337).

2. In Enumeration 2 defendant contends the trial court erred in overruling his motion for new trial based upon newly discovered evidence. This enumeration of error is without merit.

The standard for granting a new trial on the basis of newly discovered evidence is well established. " ' "(I)t is incumbent on a party who asks for a new trial on the ground of newly discovered evidence to satisfy the court: (1) that the evidence has come to his knowledge since the trial; (2) that it was not owing to the want of due diligence that he did not acquire it sooner; (3) that it is so material that it would probably produce a different verdict; (4) that it is not cumulative only; (5) that the affidavit of the witness himself should be procured or its absence accounted for; and (6) that a new trial will not be granted if the only effect of the evidence will be to impeach the credit of a witness." (Cit.)' *Bell v. State,* 227 Ga. 800, 805 (183 SE2d 357) (1971)." *Jefferson v. State,* 157 Ga. App. 324, 325 (1) (277 SE2d 317). Failure to show any one requirement is sufficient to deny a motion for new trial. *Timberlake v. State,* 246 Ga. 488, 491 (1) (271 SE2d 792); *Offutt v. State,* 238 Ga. 454, 455 (233 SE2d 191). Furthermore, " '[m]otions for new trial on the ground of newly discovered evidence are not favored and are addressed to the sole discretion of the trial judge, which will not be controlled unless abused.' *Van Scoik v. State,* 142 Ga. App. 341 (235 SE2d 765)." *Lord v. State,* 156 Ga. App. 492, 493 (1) (274 SE2d 641). We find no abuse of discretion. Four witnesses testified before the court at the motion for new trial hearing. However, after examining the transcript of that hearing, it is apparent that the additional evidence did not satisfy all six criteria as set out in *Jefferson v. State,* 157 Ga. App. 324, 325 (1), supra.

The first witness testified to a telephone conversation with the person whom defendant claims committed the crimes for which defendant was convicted. However, the witness testified that defendant's trial counsel had told her prior to trial that her testimony would not be any good. Thus, defendant's trial counsel made a conscious choice not to use her testimony and as such, requisites (1) and (2) as set out in *Jefferson v. State,* 157 Ga. App. 324, supra, were not met. Furthermore, the witness' testimony about the alleged

telephone conversation is not admissible evidence: it is inadmissible hearsay. Declarations to third persons against the declarant's penal interest, to the effect that the declarant, and not the accused, was the actual perpetrator of the offense, are not admissible in favor of the accused at his trial, or to procure a new trial on the basis of newly discovered evidence. *Timberlake v. State,* 246 Ga. 488, 492 (1), supra. See also *Lyon v. State,* 22 Ga. 399 (1); *Johnson v. State,* 188 Ga. 662 (1) (4 SE2d 813); *Bryant v. State,* 197 Ga. 641, 642 (9) (30 SE2d 259); *Herrin v. State,* 230 Ga. 476, 478 (197 SE2d 734). The reasoning is that if such admissions were allowed as evidence upon the trial of the accused, a person could subvert the ends of justice by admitting the crime to others and then absenting himself.

The second witness testified to the identity of the man who got into the automobile with the victim. This testimony does not qualify as newly discovered evidence. The defendant's own witness was present at the "Cabbagetown" house at the time of the abduction. At trial, this witness named the persons who were at the "Cabbagetown" house, including the alleged newly discovered witness. Thus, trial counsel, through his own witness, had access to the persons present at the "Cabbagetown" house on February 27th and 28th and could have subpoenaed these witnesses. There is no showing of due diligence here, and no showing that the witnesses presented at the motion for new trial hearing could not have been found at the time of the trial. *Depree v. State,* 246 Ga. 240, 244 (6) (271 SE2d 155); *Thomas v. State,* 240 Ga. 454, 456-457 (2) (241 SE2d 204); *Boatright v. State,* 155 Ga. App. 109 (270 SE2d 321).

The third and fourth witnesses (defendant's wife and mother) gave alibis for the defendant. However, evidence that someone else might have committed the crime, which does not dispute the identification at trial, is insufficient. *Bailey v. State,* 150 Ga. App. 211 (1), 212 (257 SE2d 334); *Curry v. State,* 155 Ga. App. 829, 832-833 (8) (273 SE2d 411); *Lord v. State,* 156 Ga App. 492, 493 (1), supra; *Carter v. State,* 246 Ga. 328 (271 SE2d 475). Further, the testimony here would be merely cumulative in that it goes to the issue of alibi and mistaken identity, and would only serve to impeach the credibility of the victim insofar as her positive identification of the defendant in the trial in which he was convicted is concerned. *Van Scoik v. State,* 142 Ga. App. 341, supra. This enumeration is not meritorious.

3. In the remaining enumeration of error defendant contends the trial court erred in denying his motion for bond pending appeal. Since we have affirmed defendant's conviction, this enumeration is now moot and need not be addressed.

*Judgment affirmed. Shulman, C. J., and Birdsong, J., concur.*

DECIDED OCTOBER 14, 1983.

*John L. Kimmey III, William L. Auld,* for appellant.
*Lewis R. Slaton, District Attorney, Joseph J. Drolet, Carole E. Wall, Assistant District Attorneys,* for appellee.