68883. McGHEE v. THE STATE.
(323 SE2d 3)

BANKE, Presiding Judge.

The defendant was convicted of two separate counts of selling marijuana. On appeal, he contends that the evidence was insufficient to support the jury's verdict and that the court erred in charging on conspiracy.

Based upon information provided by a confidential informant, a DeKalb County police investigator went to a residence on Doyle Street in DeKalb County to purchase marijuana. There she encountered the defendant who asked her what she wanted, and she told him she wanted "a nick or a dime, whatever he had." (She testified that "nick" and "dime" are street terms for bags of marijuana selling for $5 and $10.) The defendant replied that "he only had dimes" and after the investigator told him that "a dime would be fine," he went to a hallway and yelled to someone in another room. Shortly thereafter, a man came from the other room carrying a manila envelope, which the investigator accepted in exchange for $10. It was later determined that the envelope contained marijuana. This same scenario was repeated approximately one week later, when the investigator purchased another envelope of marijuana. *Held:*

Although the evidence does not actually place the marijuana or the money received for it in the hands of the defendant, it may reasonably be inferred that the defendant was acting in concert with the person who finalized the transactions. "[T]he act of one conspirator is considered to be the act of all the conspirators." *Whitfield v. State*,

159 Ga. App. 398 (4) (283 SE2d 627) (1981). It is not necessary to show a preliminary antecedent agreement, so long as there is evidence of a common design on the part of the participants. See *Simpkins v. State*, 149 Ga. App. 763 (256 SE2d 63) (1979). We hold that a rational trier of fact could reasonably have found the defendant guilty beyond a reasonable doubt and that the court's charge on conspiracy was authorized by the evidence.

*Judgment affirmed. Pope and Benham, JJ., concur.*

DECIDED SEPTEMBER 5, 1984 —
REHEARING DENIED SEPTEMBER 20, 1984

*Mobley F. Childs*, for appellant.
*Robert E. Wilson, District Attorney, Michael McDaniel, Barbara Conroy, Assistant District Attorneys*, for appellee.