## 68641. CLARK v. THE STATE.
### (322 SE2d 913)

CARLEY, Judge.

Appellant was convicted of the armed robbery of a pharmacy, and his conviction was affirmed on appeal. *Clark v. State*, 159 Ga. App. 136 (282 SE2d 752) (1981), cert. vacated 249 Ga. 18 (287 SE2d 523) (1982). The instant appeal is taken from the denial of appellant's extraordinary motion for new trial based upon allegations of newly discovered evidence.

The evidence alleged to be "newly discovered" resulted from an offer of a reward advertised in a local newspaper subsequent to appellant's conviction. A woman answered the advertisement and was paid $300 for providing certain information. At the hearing on appellant's motion, the woman stated that a person named Phillips told her that Larry "Cotton" Ernest had committed the armed robbery in question. Phillips gave an affidavit wherein he swore that "Cotton" Ernest and Hugh High told him that they had committed the robbery. Two other witnesses were located, each of whom testified that Ernest had stated that he robbed the pharmacy. The witnesses further testified that Ernest possessed a quantity of various drugs of the types which had been stolen during the robbery. There was also testimony concerning the facial resemblance between appellant and Ernest, and photographs of the two were included in the record. After considering this newly discovered evidence, the trial court denied appellant's extraordinary motion for new trial on the ground that such of the new evidence as would be admissible was not likely to produce a different verdict.

1. "Extraordinary motions for new trial are not favored, [cit.], and it is incumbent on the party making such a motion to satisfy the trial court as to each of the following six requirements: (1) that the newly discovered evidence has come to his knowledge since the trial; (2) that want of due diligence was not the reason that the evidence was not acquired sooner; (3) that the evidence was so material that it would probably produce a different verdict; (4) that it is not cumulative only; (5) that the affidavit of the witness is attached to the motion or its absence accounted for; and (6) that the new evidence does not operate solely to impeach the credit of a witness. [Cits.] In addi-

tion, the trial court's denial of such a motion will not be reversed absent an abuse of discretion. [Cits.]" *Bowden v. State*, 250 Ga. 185, 186 (296 SE2d 576) (1982).

Appellant first enumerates as error the trial court's ruling that much of the evidence submitted in support of his motion was hearsay which would be inadmissible at a new trial. Although appellant concedes that the testimony of his witnesses concerning Ernest's confessions to them constitutes hearsay, appellant nonetheless contends strenuously that such evidence should be admissible.

In *Timberlake v. State*, 246 Ga. 488, 492 (271 SE2d 792) (1980), the Supreme Court held: "It is the long-standing rule in this state that declarations to third persons against the declarant's penal interest, to the effect that the declarant, and not the accused, was the actual perpetrator of the offense, are not admissible in favor of the accused at his trial, [cits.], or to procure a new trial on the basis of newly discovered evidence. [Cit.] . . . [I]f such admissions were allowed as evidence upon the trial of the accused, a person could subvert the ends of justice by admitting the crime to others and then absenting himself."

Accordingly, the trial court did not err in ruling that the hearsay evidence offered by appellant was not admissible and should not be considered in its determination of whether a new trial should be granted.

2. Appellant asserts that the trial court erred in ruling that the newly discovered evidence presented by appellant was not sufficient to establish the probability of a verdict of acquittal at a new trial.

"It is proper for the trial judge and this court, in passing upon a ground of a motion for new trial based on newly discovered evidence, to consider those portions of the alleged newly discovered evidence as would be admissible in the event of another trial. [Cit.]" *Bell v. State*, 227 Ga. 800, 806 (183 SE2d 357) (1971). After excising the inadmissible hearsay in the instant case, the remaining new evidence was essentially that, shortly after the robbery, certain named individuals were in possession of drugs of the varieties which had been stolen, and that appellant bore a facial resemblance to Ernest. The latter evidence is merely impeaching of the identification testimony of several eyewitnesses who testified at appellant's original trial. See *Van Scoik v. State*, 142 Ga. App. 341 (235 SE2d 765) (1977). With regard to the evidence of the possession of drugs by others, it was within the trial court's discretion to determine that such evidence was not so material that it would probably produce a verdict of acquittal at a new trial. "Moreover, the evidence sustaining the verdict in the case at bar, although not overwhelming, was not 'weak and unsatisfactory.' [Cits.] Therefore, the trial court did not abuse its discretion in denying appellant's extraordinary motion for new trial." *Blankenship v. State*,

162 Ga. App. 538, 539 (292 SE2d 123) (1982). See also *Lord v. State*, 156 Ga. App. 492 (274 SE2d 641) (1980); *Jones v. State*, 156 Ga. App. 543 (275 SE2d 119) (1980).

3. Appellant also enumerates as error the trial court's consideration of the credibility of the witnesses presented by appellant. We note that, on several occasions, this court has affirmed a trial court's evaluation of the credibility of witnesses upon an extraordinary motion for new trial. See *Blankenship v. State*, supra; *Cody v. State*, 160 Ga. App. 86 (286 SE2d 321) (1981); *Van Scoik v. State*, supra. Compare *Austin v. State*, 121 Ga. App. 244 (173 SE2d 452) (1970). In the instant case, however, as in *Tanner v. State*, 247 Ga. 438, 444 (2) (276 SE2d 627) (1981), we need not decide the validity of this additional reason given by the trial judge for denying the motion, because we affirm the trial court's judgment for the reason set forth in Division 2 above.

*Judgment affirmed. Quillian, P. J., and Birdsong, J., concur.*

DECIDED SEPTEMBER 25, 1984.

*Sammy D. Price*, for appellant.

*Arthur E. Mallory III, District Attorney, James M. Garcia, Assistant District Attorney*, for appellee.