### 70857. JAPHET v. THE STATE.
(335 SE2d 425)

DEEN, Presiding Judge.

At approximately 10:45 p.m. on October 20, 1983, the victim in this case, a nurse at Cobb General Hospital, was abducted from the hospital parking lot while she was on her way to work on the late shift. Her attacker robbed her, held a knife to her throat, and forced her into his dark-colored Datsun 280Z. He pushed the victim into the back of the car and made her lie down while he drove to an abandoned parking lot nearby. He then forced her, by verbal threats and a knife held at her throat, to submit to oral sex, vaginal intercourse, and sodomy. Later, he drove her back to the hospital. When the victim arrived late to work at 11:40 p.m., she was pale, shaking, and crying. She notified the supervisor, who called in an emergency room doctor to perform a rape examination. The examination revealed the presence of sperm in the anus and vagina. While there were no signs of severe bruises or trauma to the victim's body, the doctor noticed a thin cut on her neck, such as might have been inflicted during the attack.

On October 27, one week after the incident, Cobb police officers noticed the defendant's car parked in the hospital lot. Since the car and its driver fit the description given by the victim, the defendant was approached, questioned, photographed at the site, and released. The photograph was placed in a line-up array, and within seven seconds the victim positively identified the defendant as her attacker. After one mistrial and a change of venue due to excessive publicity, a jury returned the verdict of guilty to all three counts: kidnapping, rape, and sodomy. Defendant appealed the conviction to this court. *Held*:

1. The standard for granting a new trial on the basis of newly discovered evidence is set forth in *Tims v. State*, 168 Ga. App. 409 (309 SE2d 405) (1983). The six-part test is in the conjunctive, and all six requirements must be met: (1) The evidence has come to light since the conclusion of the trial; (2) want of due diligence is not the reason for its not coming to light sooner; (3) the evidence is of such a high degree of materiality that it would probably produce a different verdict; (4) the evidence is not merely cumulative; (5) the affidavit of the witness himself must be procured or its absence satisfactorily accounted for; and (6) a new trial will not be granted if the evidence's

only effect will be to impeach the credit of a witness. Id. at 411. "Motions for new trial on the ground of newly discovered evidence . . . are addressed to the sole discretion of the trial judge, which will not be controlled unless abused." *Van Scoik v. State*, 142 Ga. App. 341 (235 SE2d 765) (1977).

Appellant has failed to show compliance with these requirements. Most significantly, he has failed with respect to nos. 3 and 6, so that if, *arguendo*, the other requirements were met, it is highly unlikely that a new trial would have resulted in a different verdict. See, e.g., *Johnson v. State*, 238 Ga. 59 (230 SE2d 869) (1976). The record, moreover, reveals no abuse of discretion. This enumeration is without merit.

2. Appellant alleges that the prosecutor caused a mistrial, and that the second trial constituted double jeopardy in violation of his constitutional rights. "[W]here a defendant obtains a reversal based upon 'trial error,' double jeopardy does not bar retrial." *Osborne v. State*, 166 Ga. App. 439 (304 SE2d 416) (1983).

Appellant also alleges that counsel's failure to file a plea in regard to the above constitutes ineffective assistance of counsel. "In reviewing the effectiveness of counsel, 'this court must interpret counsel to mean not errorless counsel, and *not counsel judged ineffective by hindsight*, but counsel reasonably likely to render and rendering reasonably effective assistance.' " *Johnson v. State*, 171 Ga. App. 851, 852 (321 SE2d 402) (1984). Moreover, even if counsel were ineffective in failing to file the appropriate plea, the result would not have differed under Georgia's law on double jeopardy. There is no merit in this enumeration.

3. Appellant alleges that the prosecutor committed reversible error by commenting on his failure to testify. In a recent decision this court set out a two-part test to determine if prosecutorial comment constitutes reversible error. The test includes: (1) there was a manifest intent to comment on the failure to testify; and (2) the remark was of such a character that the jury would naturally and necessarily take it to be a comment on appellant's failure to testify. *Morton v. State*, 168 Ga. App. 18 (308 SE2d 41) (1983).

Examination of the trial transcript reveals no evidence of either the prohibited intent or the proscribed effect. Moreover, the transcript indicates that this alleged error was not raised at trial, and it is well settled that this court cannot review errors enumerated here but not raised below. *Kitchens v. State*, 228 Ga. 624 (187 SE2d 268) (1972).

4. Appellant alleges that it was error to admit the statements made by him at the time of the initial inquiry on October 27 because he was technically in custody and should have been read his *Miranda* rights. Scrutiny of the record reveals that the initial inquiry in the

parking lot on that date was not custodial in nature. The *Miranda* warnings "are not required when a person responds to an officer's initial inquiry at an on-the-scene investigation which has not become accusatory." *Williamson v. State*, 171 Ga. App. 904, 905 (321 SE2d 762) (1984). Moreover, "[p]retermitting the question of whether appellant was in custody, it is clear the questions asked . . . were threshold questions to determine whether appellant should be detained." Id. at 904. This enumeration has no merit.

5. Comparison of the challenged jury instructions (enumerations 5 and 6) with the pattern instructions prepared by the Council of Superior Court Judges reveals that there was no reversible error in the language employed by the trial court. These enumerations, too, are devoid of merit.

6. Appellant alleges that the trial court's denial of his motion *in limine* was error, and that the court should not have allowed in evidence statements allegedly made by him during the commission of the crime, the effect allegedly being to deny him due process. Specifically, appellant alleges that the victim's testimony that appellant told her that he was a convicted felon impermissibly placed his character in issue. It is apparent from the record that any such statements were a part of the *res gestae* of the crime and were therefore admissible. Any incidental placing of character in issue by such statements is not error. *Pruitt v. State*, 164 Ga. App. 247 (296 SE2d 795) (1982).

7. Finally, appellant assigns error on the general grounds. The appellate court considers the sufficiency of the evidence, not its weight. *Ridley v. State*, 236 Ga. 147 (223 SE2d 131) (1976). The record reveals that the evidence was sufficient to authorize a rational trier of fact to find defendant guilty as charged beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *Crawford v. State*, 245 Ga. 89 (263 SE2d 131) (1980). This enumeration is also without merit.

*Judgment affirmed. Pope and Beasley, JJ., concur.*

DECIDED SEPTEMBER 5, 1985 —
REHEARING DENIED SEPTEMBER 24, 1985 —

*Michael E. Bergin*, for appellant.
*Thomas J. Charron, District Attorney, Debra H. Bernes, Assistant District Attorney*, for appellee.