## 71229. EVANS v. THE STATE.
(341 SE2d 483)

POPE, Judge.

Melvin "Chain Gang" Evans brings this appeal from his conviction of two counts of selling marijuana. *Held:*

1. Appellant first enumerates as error the trial court's admitting in evidence the testimony of Victor Moore, an undercover law enforcement officer, concerning his prior, out-of-court identification of a photograph of appellant. He argues two grounds in support of this enumeration: first, that this evidence was used solely to bolster the credibility of Moore's in-court identification, and second, that the out-of-court identification procedure was suggestive and thus irreparably tainted. Appellant does not challenge Moore's in-court identification of him.

(a) The testimony complained of essentially showed that Moore, at the conclusion of his undercover duties, reviewed the files of photographs in the local constabulary in an effort to identify by proper names those individuals with whom he had dealt but knew only by nickname so that arrest warrants might be issued. Appellant's photograph was one of six Moore selected from the over 700 photographs of black males contained in the files. Although appellant's name as well as his nickname were written on the back of the subject photograph, Moore maintained that he first identified the individual in the photograph as the person he knew only as "Chain Gang" before turning over the photograph to see whose name was written on the back. Moore recognized appellant from Moore's undercover police work (he had observed appellant selling marijuana on the two occasions in question) and also testified that none of the other officers present at the time he reviewed the files in any manner suggested this photograph to him.

While conceding that Moore's out-of-court identification of appellant tends to have the effect of also bolstering his in-court identification, it appears that the primary purpose of this testimony was to explain, at least in part, how appellant came to be arrested as the perpetrator of the crimes charged. As such, it was clearly admissible. See generally *Clements v. State*, 226 Ga. 66 (1) (172 SE2d 600) (1970). Even assuming arguendo that the sole purpose of this testimony was to bolster Moore's in-court identification of appellant, Moore's credibility was extensively attacked on cross-examination, thus making any error in this regard harmless. Compare *Walker v. State*, 250 Ga. 230 (2) (297 SE2d 33) (1982).

(b) We find no merit in appellant's assertion that the out-of-court identification procedures utilized by Moore were unduly suggestive. See *Burks v. State*, 174 Ga. App. 304 (1) (329 SE2d 590) (1985). Even assuming said procedures were to some extent suggestive, the totality of the circumstances resulting in the out-of-court identification indicated reliability. See *Woody v. State*, 166 Ga. App. 666 (1) (305 SE2d 365) (1983). In any event, as Moore's in-court identification of appellant was not challenged, any error in admitting the out-of-court identification was harmless. *Davis v. State*, 176 Ga. App. 650 (337 SE2d 431) (1985). See *Kirkland v. State*, 173 Ga. App. 687 (4) (327 SE2d 808) (1985).

2. Appellant's second enumeration assigns error to the trial court's "denying appellant the right to call a witness because the witness, who was then under a plea agreement with the prosecutor, had indicated his intention to invoke the privilege against self-incrimination." This enumeration of error is controlled adversely to appellant by the holding in *Dodd v. State*, 236 Ga. 572, 574-76 (224 SE2d 408) (1976). Cf. *Hawkins v. State*, 175 Ga. App. 606 (1) (333 SE2d 870)

(1985). Compare *Simpson v. Simpson,* 233 Ga. 17 (209 SE2d. 611) (1974).

3. Under the facts in this case, we are satisfied that any rational trier of fact could have found proof of the essential elements of the crimes charged beyond a reasonable doubt. See *Quarles v. State,* 173 Ga. App. 519 (1) (326 SE2d 802) (1985); *McGhee v. State,* 172 Ga. App. 187 (323 SE2d 3) (1984); *Webb v. State,* 170 Ga. App. 115 (3) (316 SE2d 561) (1984).

4. Appellant's final enumeration cites as error the trial court's denial of his motion for new trial based on newly discovered evidence. The newly discovered evidence here was the testimony and affidavit of Joseph "Shorty Joe" Lattimore in which he averred that the marijuana he purchased for Moore on May 14, 1984 (Count I of the indictment) was obtained from one "Weasel" and not from appellant. Lattimore had pled guilty to his involvement in this transaction but was unavailable to testify at appellant's trial because he had not yet been sentenced and had invoked his right against self-incrimination. See Division 2, supra. Lattimore's testimony was in direct contradiction to that of State's witnesses Moore and John Henry Pittman, a paid, confidential informant, given at trial which identified appellant as the seller of the marijuana.

The issue here is controlled adversely to appellant by the holding in *Van Scoik v. State,* 142 Ga. App. 341 (235 SE2d 765) (1977): "Motions for new trial on the ground of newly discovered evidence are not favored and are addressed to the sole discretion of the trial judge, which will not be controlled unless abused. [Cit.] Here the trial court had the duty of evaluating the credibility of a witness who was an alleged accomplice . . . who testified that he and another were involved in the alleged [sale of marijuana,] and the [appellant] was not involved. If it is not reasonably apparent to the trial judge that the alleged newly discovered evidence would probably produce a different result, then a new trial should not be ordered. [Cits.] Further, the testimony here would be merely cumulative in that it goes to the issue of . . . mistaken identity, and would further only serve to impeach the credibility of the [State's witnesses] insofar as [their] positive identification of the [appellant] in the trial in which he was convicted is concerned. [Cit.]" "Moreover, the evidence sustaining the verdict . . . although not overwhelming, was not 'weak and unsatisfactory.' [Cits.]" *Blankenship v. State,* 162 Ga. App. 538, 539 (292 SE2d 123) (1982). Therefore, the trial court did not abuse its discretion in denying appellant's motion for new trial. See *Clark v. State,* 172 Ga. App. 239 (2) (322 SE2d 913) (1984); *Lord v. State,* 156 Ga. App. 492 (1) (274 SE2d 641) (1980).

*Judgment affirmed. Deen, P. J., and Beasley, J., concur.*

DECIDED FEBRUARY 14, 1986.

*Martha M. Pearson, Albert M. Pearson III,* for appellant.
*Harry N. Gordon, District Attorney, Gerald W. Brown, Kenneth W. Mauldin, Assistant District Attorneys,* for appellee.