## A93A0142. BRANTLEY v. THE STATE.

(431 SE2d 159)

JOHNSON, Judge.

Shannon Brantley appeals from his conviction of child molestation and from the denial of his motion for a new trial. In his sole enumeration of error, Brantley contends that the trial court erred in denying his motion for a new trial based upon newly discovered evidence. This contention is without merit. "It is incumbent on a party who asks for a new trial on the ground of newly discovered evidence to satisfy the court: (1) that the evidence has come to his knowledge since the trial; (2) that it was not owing to the want of due diligence that he did not acquire it sooner; (3) that it is so material that it would probably produce a different verdict; (4) that it is not cumulative only; (5) that the affidavit of the witness himself should be procured or its absence accounted for; and (6) that a new trial will not be granted if the only effect of the evidence will be to impeach the credit of a witness. Failure to show any one requirement is sufficient to deny a motion for new trial." (Citations and punctuation omitted.) *Tims v. State*, 168 Ga. App. 409, 411 (2) (309 SE2d 405) (1983). The newly discovered evidence in this case was a report of a physical examina-

tion of the victim conducted approximately three months after the alleged incident of molestation. This report revealed that there was a tiny opening in the victim's hymen and no evidence of irritation or redness. The indictment alleged, and the evidence at trial showed, that Brantley committed child molestation by fondling the victim. Because there was no evidence presented showing that Brantley had penetrated the victim's vagina, the health report was neither exculpatory nor material. See *Assad v. State*, 195 Ga. App. 692, 693 (1) (394 SE2d 617) (1990). Because it is unlikely that the admission of the report would have produced a different verdict, the trial court did not abuse its discretion in denying Brantley's motion for a new trial.

*Judgment affirmed. Blackburn, J., and Senior Appellate Judge John W. Sognier concur.*

DECIDED APRIL 27, 1993.

*Andrew, Threlkeld & Thompson, Richard S. Thompson*, for appellant.

*Richard A. Malone, District Attorney, Samuel H. Altman, Assistant District Attorney*, for appellee.