## A98A0131. TOLBERT v. THE STATE.
### (500 SE2d 373)

Judge Harold R. Banke.

Warner Tolbert was convicted of trafficking in cocaine. In his sole enumeration on appeal, he maintains that the trial court erred in denying his motion for new trial.

This case arose after Miller Abrams, Tolbert's co-defendant, took a special agent working undercover with the Georgia Bureau of Investigation to Tolbert's residence. The agent remained in the car, watching while Abrams and Tolbert walked to a shed in Tolbert's backyard. Abrams then returned with approximately one ounce of cocaine. During a subsequent transaction, Abrams indicated that he had to obtain the contraband from his source, and the agent again accompanied Abrams to Tolbert's house. Abrams entered the house and returned with four ounces of cocaine. Several months later, the agent arrested Abrams, who pleaded guilty to reduced charges of possession of cocaine and testified that Tolbert was his supplier. *Held*:

The trial court did not abuse its discretion in denying Tolbert's motion for new trial based on newly discovered evidence. To obtain a new trial on newly discovered evidence grounds, the movant must satisfy the court that (1) he learned of the evidence after the trial; (2) a lack of due diligence did not prevent the evidence from being acquired sooner; (3) the evidence was sufficiently material to probably produce a different result; (4) it was not cumulative; (5) the affidavit of the witness was procured or its absence accounted for; and (6) impeaching the credit of a witness is not the only effect of the evidence. *Moore v. State*, 268 Ga. 420, 421-422 (2) (489 SE2d 842) (1997); *Brantley v. State*, 208 Ga. App. 536 (431 SE2d 159) (1993). Failure to establish even one of these elements justifies denial of the motion. *Humphrey v. State*, 252 Ga. 525, 528 (3) (314 SE2d 436) (1984).

The newly discovered evidence at issue consisted of hearsay statements purportedly made by Abrams which Wendell Washington, an inmate, conveyed to Tolbert at the county jail. According to Washington, the jailed Abrams admitted that he kept drugs in his home and used Tolbert as a ruse, making it appear as though Tolbert was a supplier. Because this evidence operates to impeach Abrams' testimony, a new trial was not required. *Harris v. State*, 196 Ga. App. 304, 306 (4) (396 SE2d 288) (1990); *Cody v. State*, 195 Ga. App. 318, 319-320 (3) (393 SE2d 692) (1990); *Hutto v. State*, 158 Ga. App. 3, 4 (279 SE2d 278) (1981). The sole authority on which Tolbert relies to refute this conclusion, *Gibbons v. State*, 248 Ga. 858, 862-864 (286 SE2d 717) (1982), in no way addresses the requisites for successful motions for new trial on newly discovered evidence grounds.

*Judgment affirmed. Beasley and Ruffin, JJ., concur.*

DECIDED MARCH 24, 1998.

*Boone & Toole, Jack E. Boone, Jr.*, for appellant.
*Daniel J. Craig, District Attorney*, for appellee.